Kurt A. Kappes (SBN 146384)
Ashley Farrell Pickett (SBN 271825)
Bryan W. Patton (SBN 294910)
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Email: kappesk@gtlaw.com
farrellpicketta@gtlaw.com
pattonbw@gtlaw.com
TEL:   310-586-7700
FAX:   310-586-7800
Attorneys for Defendant
PRO UNLIMITED, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC. and PRO UNLIMITED, INC.,<br><br>Defendants. | CASE NO. 3:22-cv-7222<br><br>Assigned to The Honorable Trina L. Thompson<br><br>**DECLARATION OF ROSE ARRUDA IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S INDIVIDUAL CLAIMS AND STRIKE AND/OR DISMISS CLASS CLAIMS** |

## DECLARATION OF ROSE ARRUDA

I, ROSE ARRUDA, declare and state as follows:

1. I am over the age of 18 years, have personal knowledge of the facts set forth herein from my own personal knowledge, and if called as a witness by a court of law, could and would competently testify thereto.

2. I am currently employed by Defendant Magnit, LLC f/k/a PRO Unlimited, Inc. ("Magnit"), as an Executive Account Director, Global Strategic Accounts. I have been the senior manager in charge of Magnit's account with its client, Twitter, Inc. ("Twitter") since approximately 2012. I have personal knowledge of the facts contained in this declaration, based upon my position, as well as my review and knowledge of business records and files pertaining to Magnit's operations. As such, if called to testify as a witness to these facts, I could and would testify competently and truthfully to the same.

3. In my capacity as Executive Account Director, Global Strategic Accounts, I am readily familiar with and access Magnit's employee records and data, including those relating to employees performing work for Magnit's client, Twitter.

4. I have knowledge of and access to employment records relating to all current and former employees of Magnit, including, among other things, documents and data that record and reflect when Magnit associates electronically sign arbitration agreements.

5. As Executive Account Director, Global Strategic Accounts, I am very familiar with these records and their creation, maintenance, and use. I am familiar with the policies under which and by which these documents and data are created, maintained, and used, and I regularly rely on these records in the ordinary course of business to support business operations for Magnit.

6. The Magnit records at issue here, relating to electronic employee signatures for arbitration agreements, are all created by Magnit employees at or near the time of the events that they record; are created by, or based on information transmitted by, individuals with knowledge of the events; are kept in the course of regularly conducted business for personnel and legal record purposes; and are generated as a regular practice of human resources and legal functions.

7. Francisco Rodriguez ("Plaintiff") was hired by Magnit in order to provide services to Magnit's client, Twitter. As a part of his onboarding process, Plaintiff was provided a copy of Magnit's

Arbitration Policy and Agreement. Based on my review of Magnit's records, attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's electronically signed Arbitration Policy and Agreement, which was completed and electronically signed by Plaintiff on November 17, 2021.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December _16_, 2022 at ___Sacramento, California.

*Rose Arruda*

# EXHIBIT A

## ARBITRATION POLICY AND AGREEMENT

**READ THIS AGREEMENT CAREFULLY BECAUSE YOUR SIGNATURE BELOW CONFIRMS THAT YOU HAVE READ, UNDERSTAND AND AGREE TO THE TERMS OF THIS ARBITRATION AGREEMENT**

In recognition that differences between PRO Unlimited, Inc. ("the Company") and its employees may arise during the employment relationship and/or as a result of the termination of that relationship, the Company has adopted this Arbitration Policy and Agreement ("Agreement") as a condition of employment and/or continued employment to provide for the mutually agreed use of a streamlined and efficient arbitration process for the resolution of any such disputes as an alternative to litigating such claims in court. *To become employed or continue employment with the Company, you must agree to the terms of this Agreement by returning the signed Acknowledgement provided at the end of this Agreement within 10 days of receipt of this Agreement. If you fail to return the acknowledgement by this date and nonetheless accept employment or continue to work for the Company beyond this date, you will be deemed to have accepted this Agreement.*

1. **Parties and Effective Date:** The Parties to this Agreement are the undersigned Employee and PRO Unlimited, Inc. its officers, directors, members, partners, owners, agents, employees, parents, subsidiaries, and affiliated entities (collectively referred to herein as "the Company"). The Company and the Employee are collectively referred to herein as the Parties.

The Effective Date of this Agreement is the date Employee signed Acknowledgement of this Agreement or 10 days after Employee's receipt of this Agreement, whichever is earlier.

2. **Claims Covered by this Agreement:** To the greatest extent permitted by law, the Parties mutually agree to the resolution by binding arbitration of all claims or causes of action that the Employee may have against the Company or any of its clients for whom Employee performed work, or the Company against Employee which could be brought in a court of a law (collectively "claims"), including claims arising prior to the date of this Agreement and those arising at any time after the date of this Agreement. The claims covered by this Agreement include, but are not limited to, claims for breach of any contract or covenant (written or oral, express or implied); tort claims; claims for discrimination and/or harassment; claims for wrongful termination; claims for retaliation; and, claims for violation of any law, statute, regulation, ordinance or common law, including, but not limited to, all claims arising under Title VII of the Civil Rights Act of 1964, as amended, California's Unruh Civil Rights Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act of 1990, the Americans with Disabilities Act, the California Fair Employment & Housing Act, the California Labor Code, the California Health & Safety Code, California's Confidentiality of Medical Information Act, California's Paid Sick Leave, the Family Medical Leave Act, the Moore-Brown-Roberti Family Rights Act/California Family Care and Medical Leave Law, the Consolidated Omnibus Budget Reconciliation Act of 1985, the Fair Labor Standards Act, and any other applicable state laws relating to discrimination in employment and/or wage and hour laws. All claims for injunctive and/or other equitable relief shall be covered by this Agreement.

3. **Claims Not Covered by the Policy and Agreement:** This Agreement does not cover claims Employee may have for workers' compensation, unemployment compensation benefits, or any

other claims found not subject to a mandatory pre-dispute arbitration agreement by governing law. Such claims include claims brought under California's Private Attorneys General Act, to the extent required by governing law. Additionally, nothing in this Agreement precludes Employee from filing a charge or from participating in an administrative investigation of a charge before an appropriate government agency such as the Equal Employment Opportunity Commission, the California Department of Fair Employment and Housing, the National Labor Relations Board or similar state agency.

    4. **Class and Collective Action Waiver.** This Agreement affects the Employee's ability to participate in class or collective actions. To the full extent permitted by law, neither the Employee nor the Company shall have a right to: (a) arbitrate any claim on a class or collective basis on behalf of any of the Company's workers, employees, independent contractors, applicants or other persons similarly situated; (b) join or consolidate in any arbitration claims brought by or against another worker, employee, independent contractor, applicant or the Company, unless agreed to in writing by all parties; (c) litigate any claims in court or to have a jury trial on any claims covered by this Agreement; and/or (d) file or participate in a representative or collective capacity or as a member of any class of claimants in an action in a court of law pertaining to any claims encompassed by this Agreement. There will be no right or authority for any dispute to be brought, heard or arbitrated as a class or collective action, or as a member in any such class or collective proceeding ("Class Action Waiver"). Notwithstanding any other provision of this Agreement or the AAA Rules, disputes in court or arbitration regarding the validity, enforceability or breach of the Class Action Waiver may be resolved only by a court and not by an arbitrator.

    Any dispute concerning the validity or enforceability of this Agreement shall be resolved by a court of law. Any dispute over the arbitrability of any particular claim shall be resolved by a court of law. The interpretation and enforceability of this Agreement shall be governed by the Federal Arbitration Act. To the extent that a court determines that any portion of this Agreement, including the class or collective action waiver, is unenforceable, the Parties intend for the remainder of that provision and the Agreement as a whole to be enforced to the full extent permitted by law. However, the Parties expressly do not agree to the resolution of any class or collective claim in arbitration. The arbitrator may not consolidate more than one individual's claims, and may not otherwise preside over any form of a class, collective, or representative proceeding, unless agreed to in writing by all Parties in a specific dispute. Absent such written, contemporaneous consent of all Parties in a given dispute, any arbitration ruling by an arbitrator consolidating the disputes of two or more employees or allowing class or collective action arbitration would be contrary to the intent of this Agreement. In the event it is determined that a dispute between the Parties involves both arbitrable claims and non-arbitrable claims (any claim required to be resolved in court as opposed to arbitration), the Parties agree that any arbitrable claims shall be resolved first and that any non-arbitrable claim(s) shall be stayed pending resolution of the arbitrable claim(s).

    5. **Required Notice of All Claims**: The party seeking to raise any claim(s) under this Agreement must give written notice of the claim(s) to the other party. The written notice shall identify and describe the nature of all claims asserted, the general facts upon which such claims are based, and the relief sought. An Employee shall provide the written notice to the Company's Human Resources Director, via electronic mail at ejones@prounlimited.com or via United States Mail at 1350 Old Bayshore Highway, Ste 350 Burlingame, CA 94010.

6. **Arbitration Procedures**:

(a)  Applicable Rules.

Any arbitration under this Agreement shall be conducted pursuant to the Employment Arbitration Rules of the American Arbitration Association ("AAA"). These Rules are available for review on the AAA website at www.adr.org. **If Employee would like a copy of the Rules, Employee may request a copy by calling the Company's Human Resources Department at (925) 265-8537**

If there is any discrepancy between the AAA Rules and this Arbitration Policy and Agreement, this Arbitration Policy and Agreement shall prevail. The Parties may mutually agree to use a different but comparable arbitration service provider other than AAA.

The arbitration shall take place in the state and county where the Employee performs or performed work for the Company, unless the Parties mutually agree to conduct the arbitration elsewhere.

(b)  Selection of Neutral Arbitrator and Scope of Authority.

The arbitrator shall be a neutral arbitrator, selected by the agreement of the Parties, who has previous experience arbitrating employment law disputes. If the Parties cannot agree on a neutral arbitrator, Employee and the Company will use the strike and ranking method provided for under AAA rules.

The neutral arbitrator shall have exclusive authority to resolve any dispute covered by this Agreement. The arbitrator may not, however, add to or modify this Agreement. The same statute of limitations and remedies that would apply to and be available on a claim in court will apply to and be available on the claim in arbitration. The Parties further agree that they shall have the right to bring a dispositive motion in arbitration (e.g. Motion to Dismiss, Motion for Judgment on the Pleadings, Motion for Summary Judgment, etc.) and that any such motion will be decided under the appropriate standards set forth in the Federal Rules of Civil Procedure.

(c)  Discovery.

The Parties agree that reasonable discovery is essential to the just resolution of any claims covered by this Agreement. Accordingly, nothing in this Agreement or in the AAA Rules shall be interpreted to limit the Parties' rights to reasonable discovery. Rather, reasonable discovery shall be allowed that is sufficient to ensure the adequate arbitration of any claims covered by this Agreement. Generally, the Parties agree that reasonable discovery means up to three depositions per side, one set of requests for production of documents with up to 35 requests, and one set of interrogatories with up to 25 requests. In the event that the Parties believe this scope of discovery is inadequate, the Parties shall meet and confer and try to reach agreement on the scope of discovery and the arbitrator shall have discretion to resolve any disagreement concerning the scope of discovery and to allow discovery determined by the arbitrator to be reasonably necessary to the just resolution of the dispute yet consistent with the streamlined nature and purpose of arbitration.

3

(d)   Post-Hearing Briefs, Written Opinion and Award.

At the election of either party, the arbitrator shall direct the Parties to submit post-hearing briefs. The neutral arbitrator shall issue a written opinion and award within 30 days of the close of the arbitration hearing, which shall be signed and dated, and which shall generally set forth the reasons for the arbitrator's decision. The arbitrator shall be permitted to award those remedies and damages that are available under applicable law and that would otherwise be available in a court of law. The arbitrator's decision regarding the claims shall be final and binding upon the Parties. The arbitrator's award shall be enforceable in any court having proper jurisdiction. Any party may be represented by an attorney or other representative. The Parties' appeal rights are governed by the Federal Arbitration Act.

(e)   Arbitration Fees and Costs.

Employee will be required to pay a reasonable cost to initiate the arbitration equal to what Employee would be charged to initiate a lawsuit in state court in the county where the arbitration is being held. The Company shall pay all other fees and costs that are unique to the arbitration process, including the arbitrator's fees and administrative fees. The arbitration hearing is not required to be stenographically recorded, but may be at the option of a party. The party requesting the arbitration hearing to be stenographically recorded is responsible for paying for the court reporter's service.

Except as set forth above, each party shall pay its own attorneys' fees and costs. If, however, any party prevails on a statutory claim that affords the prevailing party attorneys' fees and costs, or if there is a written agreement providing for attorneys' fees and costs, the arbitrator may award reasonable fees and costs to the prevailing party in accordance with applicable law.

7. **Term of Agreement and Third Party Beneficiaries**: This Agreement shall remain in effect even after the termination of Employee's employment with the Company. This Agreement is intended to also inure to the benefit of the Company's clients for whom Employee performed work to the extent an employment dispute arises between Employee and such client and involves claims covered by this Agreement.

8. **Entire Agreement**: This is the complete agreement of the Parties on the subject of arbitration of disputes (except for any arbitration agreement that may exist in connection with any pension or benefit plan). No party is relying on any promises, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement.

9. **Construction of Agreement**: Any dispute concerning the validity or enforceability of this Agreement shall be resolved by a court of law. Any dispute over the arbitrability of any particular claim shall be resolved by a court of law. The interpretation and enforceability of this Agreement shall be governed by the Federal Arbitration Act. If any provision of this Agreement is adjudged to be void, or otherwise unenforceable, in whole or in part, such a decision shall not affect the validity of the remainder of this Agreement. In such a case, this Agreement shall be enforced to the greatest extent

possible under the Federal Arbitration Act. If a court determines the Federal Arbitration Act does not apply to this Agreement, then the entire Agreement shall be null and void.

10. **Waiver of Trial By Jury**: The Parties understand and fully agree that by entering into this Agreement providing for binding arbitration, they are giving up their right to have a trial by jury. The Parties anticipate that by entering this Agreement they will gain the benefits of a speedy, impartial dispute resolution procedure.

11. **Not an Employment Contract**: This Agreement is not, and shall not be construed to create, a separate contract of employment, express or implied, nor shall this Agreement be construed in any way to change the relationship between the Company and Employee from that of at-will employment.

### Acknowledgement of Receipt of Arbitration Policy and Agreement

I, the undersigned employee, acknowledge that I have received a copy of PRO Unlimited, Inc.'s Arbitration Policy and Agreement, that I have been provided an opportunity to read the Agreement, and that I agree to its terms.

Date: 11/17/2021

Employee Printed Name: Francisco Rodriguez

Employee Signature: *Francisco Rodriguez*
Francisco Rodriguez

Signed: November 17, 2021
Time: 08:22 GMT
ID: 19419633
IP: 10.61.259.119

5