SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
THOMAS FOWLER (*pro hac vice* forthcoming)
(tfowler@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:   (617) 994-5800
Facsimile:    (617) 994-5801

*Attorneys for Plaintiff Francisco Rodriguez,*
*on behalf of himself and all others similarly situated*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCISCO RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC. and PRO UNLIMITED, INC.<br><br>Defendants | Case No. 3:22-cv-7222<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br><u>Hearing</u>:<br>Date:      March 16, 2023<br>Time:     10:00 am<br>Place:    Courtroom 11, 19th Floor<br>Judge:    Hon. James Donato<br><br>ACTION FILED: November 16, 2022 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiff Francisco Rodriguez, on behalf of all others similarly situated, will, and hereby do move this Court pursuant to Fed. R. Civ. P. 15, to file the First Amended Complaint attached hereto as Exhibit A.

This motion is brought pursuant to Rule 15 of the Federal Rules of Civil Procedure on the ground that the interests of justice require amendment, Plaintiff has not unduly delayed in bringing this motion, and Defendants will not be prejudiced by allowing this amendment. This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the papers on file in this case, any oral argument that may be heard by the Court, and any other matters that the Court deems appropriate.

**TABLE OF CONTENTS**

I.  INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 2

III. ARGUMENT    ................................................................................................................. 2

IV. CONCLUSION ................................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**

AmerisourceBergen Corp. v. Dialysist West, Inc.,
 465 F.3d 949 (9th Cir. 2006) ................................................................................................... 2

Duling v. Gristede's Operating Corp.,
 265 F.R.D. 91 (S.D.N.Y. 2010) ............................................................................................... 3

Eminence Cap., LLC v. Aspeon, Inc.,
 316 F.3d 1048 (9th Cir. 2003) ................................................................................................. 3

Forman v. Davis,
 371 U.S. 178 (1962) ................................................................................................................ 3

Harris v. Best Buy Stores, L.P.,
 2017 8948336 (N.D. Cal. July 13, 2017) ................................................................................ 4

Howey v. United States,
 481 F.2d 1187 (9th Cir. 1973) ................................................................................................. 3

Osakan v. Apple Am. Grp.,
 2010 WL 1838701 (N.D. Ca. May 5, 2010) ........................................................................... 2

Prasad v. Pinnacle Property Management Services, LLC,
 2018 WL 4586960 (N.D. Cal. Sept. 25, 2018) ........................................................................ 4

Smith v. Angelica Corp.,
 2022 WL 1028709 (N.D. Cal. April 6, 2022) ......................................................................... 4

United Union of Roofers, Waterproofers, & Allied Trades No. 40 v. Ins. Corp. of Am.,
 919 F.2d 1398 (9th Cir. 1990) ................................................................................................. 1

Yu v. Volt Information Sciences, Inc.,
 2019 WL 3503111 (N.D. Cal. Aug. 1, 2019) .......................................................................... 4

**Statutes**

29 U.S.C. §§ 2101 ................................................................................................................. 1, 2

Cal. Lab. Code §§ 2698, *et seq.* ............................................................................................ *passim*

Cal. Lab. Code §§ 201.. ......................................................................................................... 1, 2

Cal. Lab. Code §§ 203.. ......................................................................................................... 1, 2

Cal. Lab. Code §§ 227.3 ........................................................................................................ 1, 2

Cal. Lab. Code §§ 1400 ......................................................................................................... 1, 2

**Rules**

Fed. R. Civ. P. 15 ................................................................................................................ 1, 2, 3

## I.  INTRODUCTION

Pursuant to Fed. R. Civ. P. 15(a), Plaintiff seeks leave to amend the operative complaint to add a claim for penalties under the Private Attorneys General Act ("PAGA"), Cal. Lab. Code 2698 §§ *et seq.*  The proposed amendment to add this claim is critical because it will permit Plaintiff to maintain his claim in court, regardless of the outcome of Defendants' pending motions to compel arbitration (Dkts. 26 and 27). Additionally, adding this PAGA claim will allow Plaintiff to pursue penalties on behalf of the State of California which could benefit hundreds of the Defendants' employees who have suffered violations of the federal Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §§ 2101 *et seq.*, the California WARN Act, Cal. Lab. Code §§ 1400 *et seq.*, and the waiting time provisions of the California Labor Code, Cal. Lab. Code §§ 201, 203, and 227.3.

Importantly, as described further below, Defendants Twitter, Inc. ("Twitter") and Magnit, LLC f/k/a Pro Unlimited, Inc. (Magnit) will not be prejudiced by this amendment because the case is at an extremely early stage, and the main factual allegations underlying the claims in this case will not change materially as a result of this amendment. When ruling on a motion to amend a complaint, a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Denial is proper only when amendment would be clearly frivolous, unduly prejudicial, cause undue delay or a finding of bad faith is made." United Union of Roofers, Waterproofers, & Allied Trades No. 40 v. Ins. Corp. of Am., 919 F.2d 1398, 1402 (9th Cir. 1990). Here, the amendment outlined above is plainly justified and will not result in prejudice or undue delay. For all these reasons and the reasons set forth further herein, the Court should grant the motion. Plaintiff's counsel attempted to confer with counsel for Defendants by email on February 6, 2023, asking that they inform Plaintiff by close of business on February 7, 2023, whether they will assent to the filing of Plaintiff's First Amended Complaint. Defendants' counsel responded indicating that they could not yet state the Defendants' position. Plaintiff has proceeded to file this motion, because the due date for Plaintiff to oppose Defendants' motions to compel arbitration is February 8, 2023.

## II. BACKGROUND

Plaintiff, along with thousands of other similarly situated employees, were employed by Twitter through Magnit, a payroll administration company. (Compl. ¶¶ 2, 10, Dkt. 1.) Plaintiff filed this case on November 16, 2022, alleging violations of the federal and California WARN Acts stemming from Twitter's recent mass layoffs, as well as that Defendants failed to provide full final pay, benefits, and expense reimbursement to these employees on their last day of employment, as required by Cal. Lab. Code §§ 201, 203, and 227.3. (Compl., Counts I-III, Dkt. 1.) That same day, Plaintiff also filed a written notice of his intent to pursue a PAGA claim against Defendants with the California Labor and Workforce Development Agency ("LWDA") and mailed the notice to Defendants' general counsel. (Proposed First Am. Compl. ¶ 26, Count IV, Ex. A.) More than sixty-five (65) day have passed since the LWDA was notified of the California Labor Code violations alleged in the Complaint in this matter. (Proposed First Am. Compl. ¶ 26, Count IV, Ex. A.)

On January 11, 2023, Defendants both filed motions to compel arbitration, seeking to enforce an arbitration agreement that Plaintiff entered into with Magnit (Dkts. 26 and 27). Plaintiff now seeks leave to amend his complaint to assert a PAGA claim. Importantly, the arbitration agreement excludes from the scope of its covered claims "claims brought under California's Private Attorneys General Act, to the extent required by governing law." See Arbitration Agreement ¶ 3, Ex. A to Arruda Decl., Dkt. 26-1. A copy of the [Proposed] First Amended Complaint is attached hereto as Exhibit A.

## III. ARGUMENT

Plaintiff requests leave to amend the complaint pursuant to Fed. R. Civ. P. 15(a). Federal Rule of Civil Procedure 15 admonishes the court that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 949, 951 (9th Cir. 2006); Osakan v. Apple Am. Grp., 2010 WL 1838701, *3 (N.D. Ca. May 5, 2010) ("Generally, leave to amend is to be granted with extreme liberality.") (internal citation omitted).

Courts have recognized that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Forman v. Davis, 371 U.S. 178, 182 (1962); see also Duling v. Gristede's Operating Corp., 265 F.R.D. 91, 96 (S.D.N.Y. 2010) (internal quotation omitted) ("Leave to amend a pleading should be freely granted when justice so requires" and may be denied only "if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) would prejudice the opposing party ... or (4) would be futile.").

"Not all of the factors merit weight, [and] it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); see also Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973) (Of the factors courts consider when evaluating a motion to amend, "the crucial factor is the resulting prejudice to the opposing party."). Here, there are no reasons for the Court to deny Plaintiff's request for leave to file the First Amended Complaint.

First, there is no undue delay, bad faith, or dilatory motive on the part of the Plaintiff. First, Plaintiff was required by Cal. Lab. Code § 2699.3 to wait sixty-five (65) days after filing written notice of the claim with the LWDA on November 16, 2023, and mailing it to Defendants' general counsel before asserting the claim in court.[1] Moreover, the case is still in the very early stages and no discovery has taken place yet. There are also no motions for summary judgement or class certification pending. Furthermore, Plaintiff's request for leave to file a First Amended Complaint stems at least in part from Defendants' motions to compel arbitration, which were just recently filed. Defendants contends that Plaintiff is bound to arbitration his claims. While Plaintiff disputes Defendants' contentions, he is requesting leave to amend in order to at least

---

[1] Cal. Lab. Code § 2699.3(a)(3) provides that "a plaintiff may as a matter of right amend an existing complaint to add a cause of action under this part at any time within 60 days of the time periods specified in this part." Because this matter is in federal court rather than California state court, Plaintiff moves to amend pursuant to Fed. R. Civ. P. 15 out of caution.

3
PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

pursue his PAGA claim in this case, regardless of the Court's ultimate ruling on the applicability and enforceability of the arbitration clause to his other claims. The arbitration agreement explicitly excludes PAGA claims from its scope, and thus Plaintiff should be permitted to pursue it in this case. See Arbitration Agreement ¶ 3, Ex. A to Arruda Decl., Dkt. 26-1.

Courts have consistently allowed plaintiffs to amend class action complaints to add additional PAGA claims in similar circumstances and even much later in litigation. See, e.g., Smith v. Angelica Corp., 2022 WL 1028709, at *1-2 (N.D. Cal. April 6, 2022) (permitting plaintiff to submit a second amended complaint asserting a PAGA claim); Yu v. Volt Information Sciences, Inc., 2019 WL 3503111, at *1 (N.D. Cal. Aug. 1, 2019) (granting defendant's motion to compel arbitration but granting leave to the plaintiff to file an amended complaint asserting a PAGA claim); Prasad v. Pinnacle Property Management Services, LLC, 2018 WL 4586960, at *2-6 (N.D. Cal. Sept. 25, 2018) (allowing plaintiff to amend her complaint to assert a PAGA claim even where the plaintiff did not start the PAGA notice process until eight months after the original complaint was filed); Harris v. Best Buy Stores, L.P., 2017 8948336, at *1 (N.D. Cal. July 13, 2017) (granting plaintiff leave to file a second amended complaint asserting PAGA claim);

Moreover, Plaintiff's proposed First Amended Complaint will cause no prejudice to Defendants. As stated above, this case is still in the initial stages and no discovery has taken place. Further, because the arbitration agreement specifically excludes PAGA claims from its coverage, see Arbitration Agreement ¶ 3, Ex. A to Arruda Decl., Dkt. 26-1, Defendants cannot argue that the amendment will require them to draft another motion to compel arbitration.

Finally, granting Plaintiff's request for leave to file a First Amended Complaint would not be futile. To reiterate, because the arbitration agreement excludes PAGA claims from its scope, there is no question that he will be able to pursue this claim in court. See Arbitration Agreement ¶ 3, Ex. A to Arruda Decl., Dkt. 26-1. The PAGA claim's addition will also allow Plaintiff to seek penalties on behalf of all Twitter employees in California who worked through Magnit.

In short, given the liberal policy favoring amendments (particularly so early in a case), there is no reason that yet another separate case needs to be filed, especially considering that the PAGA claim will be based on the underlying violations already asserted in this matter.

## IV. CONCLUSION

Because this case is at a very early stage, the Court should grant Plaintiff's request to amend the complaint. The amendment is not in bad faith, dilatory, or futile, but rather is in the interests of justice and should be allowed.

Respectfully submitted,

FRANCISCO RODRIGUEZ, on behalf of himself and all others similarly situated,

By his attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Thomas Fowler (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com; tfowler@llrlaw.com

Dated:            February 7, 2023

## CERTIFICATE OF SERVICE

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on counsel for Defendants Pro Unlimited, Inc. and Twitter, Inc. via the CM/ECF system on February 7, 2023.

Dated: February 7, 2023

By: /s/ Shannon Liss-Riordan
Shannon Liss-Riordan