# EXHIBIT A

SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
THOMAS FOWLER (*pro hac vice* forthcoming)
(tfowler@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:      (617) 994-5801

*Attorneys for Plaintiff Francisco Rodriguez,
on behalf of himself and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FRANCISCO RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC. and PRO UNLIMITED, INC.<br><br>Defendants | Case No. 3:22-cv-7222<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND**<br><br>1. VIOLATION OF WARN ACT (29 U.S.C. §§ 2101 *ET SEQ.*)<br>2. VIOLATION OF CALIFORNIA WARN ACT (CAL. LAB. CODE §§ 1400 *ET SEQ.*)<br>3. FAILURE TO PAY ALL WAGES AND BENEFITS IMMEDIATELY UPON TERMINATION (CAL. LAB. CODE §§ 201, 203 AND 227.3)<br>4. PRIVATE ATTORNEYS GENERAL ACT (PAGA) CLAIM FOR CIVIL PENALTIES (CAL. LAB. CODE §§ 2698 *ET SEQ.*) |

## I. INTRODUCTION

1. Plaintiff Francisco Rodriguez files this Class Action Complaint against Defendants Twitter, Inc. ("Twitter") and PRO Unlimited, Inc. d/b/a Magnit ("PRO" or "Magnit"), on his own behalf and on behalf of potentially thousands of other employees, challenging Defendants' violation of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"), and, for those employees who worked in California, the California WARN Act, Cal. Lab. Code § 1400 et seq. (the "California WARN Act"), as well as failure to provide the employees' final pay and benefits on the same day that they were terminated, in violation of the California Labor Code §§ 201, 203, and 227.3. Additionally, Plaintiff brings a claim pursuant to the Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2698 et seq., on behalf of the state of California and all other similarly situated aggrieved employees.

2. As described further below, Plaintiff, along with thousands of other similarly situated employees, were employed by Twitter through Magnit, a payroll administration company. While these employees were classified as employees of Magnit, the duties that they performed for Twitter were indistinguishable from the employees who were employed directly by Twitter. Twitter referred to these employees as its "contingent workforce."

3. Multi-billionaire Elon Musk recently purchased Twitter and immediately began laying off half its workforce in the first week of November 2022. On November 12, 2022, Twitter laid off potentially thousands of employees (reportedly between 4,400 and 5,500) who worked for Twitter through Magnit, including Plaintiff, without providing them with the required notice under the federal and California WARN Acts or any payment in lieu of notice. The employees also did not receive their full final pay, benefits, and expense reimbursement the same day that they were terminated, as required by California law.

## II. PARTIES

4. Plaintiff Francisco Rodriguez is an adult resident of Culver City, California. Plaintiff Rodriguez worked for Twitter through Magnit as a Gaming Partnership Coordinator,

assigned to Twitter's office in Santa Monica, California, from approximately November 17, 2021, until he was laid off on November 12, 2022.

5. Plaintiff brings this lawsuit as a Rule 23 class action on behalf of all affected employees who were employed by Twitter through Magnit and were terminated in connection with Elon Musk's slashing of Twitter's workforce, across the United States (with respect to the federal WARN Act claim) and in California (with respect to the California claims).

6. Defendant Twitter, Inc. ("Twitter") is a Delaware corporation, headquartered in San Francisco, California.

7. Defendant PRO Unlimited, Inc. d/b/a Magnit ("Magnit"), is a New York corporation, headquartered in Bethpage, New York.

### III.   JURISDICTION

8. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

9. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims, because those claims derive from a common nucleus of operative facts with Plaintiff's federal claim.

10. This Court has personal jurisdiction over Twitter, as it is headquartered in this District and conducts substantial business operations in this District.

11. This Court has personal jurisdiction over Magnit, as it conducts substantial business operations in this District.

### IV.   STATEMENT OF FACTS

12. Twitter is a social media company that employs thousands of people across the United States.

13. In addition to individuals employed directly by Twitter, Twitter has employed thousands of employees through a payroll administration company, Magnit. There is no distinction between the work performed by Twitter's direct employees and the work performed by the individuals whom Twitter paid through Magnit. Twitter dealt directly with these

employees throughout the hiring process, including recruiting them and negotiating their compensation. These employees were directly supervised by Twitter managers, were assigned to Twitter offices, and Twitter provided all equipment used for work.

14. In April 2022, it was announced that multi-billionaire Elon Musk would be purchasing the company.

15. Following the purchase of the company by Elon Musk in late October 2022, Musk immediately began a mass layoff that has been reported to have affected half of Twitter's workforce.  See Kate Conger, Ryan Mac, and Mike Isaac, Confusion and Frustration Reign as Elon Musk Cuts Half of Twitter's Staff, NEW YORK TIMES (November 4, 2022), https://www.nytimes.com/2022/11/04/technology/elon-musk-twitter-layoffs.html.

16. Twitter began its mass layoff by terminating thousands of employees who Twitter employed directly during late October and early November 2022.

17. Then, beginning on November 12, 2022, Twitter began laying off its employees who were paid through Magnit.

18. Plaintiff, like potentially thousands of other Twitter employees who were paid through Magnit, received an email on November 12, 2022, stating that he was being laid off, effective November 14, 2022.

19. Twitter did not give 60 days advance written notice to the employees paid through Magnit who Twitter laid off, as required by the federal WARN Act, and for employees in California, the California WARN Act.  Nor were the affected employees given pay in substitution for federal or California WARN Act notice.

20. These layoffs of employees who were paid through Magnit are part of the same mass layoffs affecting employees directly employed by Twitter.  Twitter is a joint employer of the employees who were paid through Magnit, and thus Twitter is likewise responsible for complying for federal and state labor laws protecting these employees, including the federal and California WARN Acts and the California Labor Code.

21. In addition, neither Twitter nor Magnit provided full final pay, benefits, and expense reimbursement to these employees on their last day of employment, as required by the California Labor Code. To date, these employees have still not received these full payments.

22. Plaintiff is concerned that, absent court intervention, Defendants will seek releases from laid off employees without informing them of their rights, statutory obligations, or the pendency of this case. Plaintiff therefore seeks immediate relief to ensure that Defendants do not violate the law and then seek to obtain releases from potentially thousands of employees who do not have notice of their rights or the pendency of the claims brought here on their behalf.

23. Indeed, Elon Musk engaged in similar behavior with respect to mass layoffs conducted earlier this year at another company he owns, Tesla. In the summer of 2022, Tesla engaged in mass layoffs without providing advanced written notice as required by the federal and California WARN Acts. Former Tesla employees brought a suit against Tesla for these violations. See Lynch et al. v. Tesla, Inc., Civ. Act. No., 1:22-cv-00597-RP (W.D. Tex.). Tesla sought to obtain full releases of all federal and California WARN Act claims in exchange for small severance payments for less than the employees were legally entitled to, as alleged in the federal lawsuit. (Tesla offered one or two weeks' severance pay, rather than the 60 days' pay required to satisfy the federal and California WARN Acts). See Lynch, 2022 WL 4295295, at *1-4.) A federal court ruled that Tesla's conduct was "misleading because [the separation agreements] fail to inform potential class members of this lawsuit and the rights that they are potentially giving up under the WARN Act." Id. at *4.

24. With respect to laid off employees who were paid directly by Twitter, Twitter stated that it would begin distributing severance agreements, including releases of claims, beginning last week. However, after employees filed a class action lawsuit and emergency motion seeking to block the distribution of releases without employees being informed of their claims and the pendency of the case, see Cornet et al v. Twitter, Inc., C.A. No. 3:22-cv-06857-JD (N.D. Cal.) (Dkts. 6 and 7), Twitter agreed not to distribute releases until after the plaintiffs' motion could be heard (assuming it could be heard promptly).

25.     In this case as well, Plaintiff seeks immediate relief to ensure that Defendants do not violate the law and then seek to obtain releases from the potentially thousands of employees who do not have notice of their rights or the pendency of the claims brought here on their behalf.

26.     Plaintiff also alleges that Defendants violated PAGA in the following ways: (1) failing to provide sixty (60) days' notice of the layoff to affected employees, or, in the absence of such notice, providing sixty (60) days' pay and benefits to affected employees in violation of Cal. Lab. Code § 1400; and (2) failing to provide Plaintiff and other employees who were laid off with their final pay, accrued benefits, and expense reimbursement, immediately upon termination, in violation of Cal. Lab. Code §§ 201, 203, and 227.3. On November 16, 2022, Plaintiff gave written notice of Defendants' violations of the California Labor Code as alleged in this complaint to the Labor and Workforce Development Agency ("LWDA") via online filing and to Defendants' general counsel via certified mail.

## COUNT I
### Federal WARN Act

Plaintiff and other affected employees who have worked for Twitter and been paid through Magnit have been entitled to the rights, protections, and benefits provided under the federal WARN Act, 29 U.S.C. § 2101 et. seq. 24.  Defendants are subject to the notice and back pay requirements of the federal WARN Act because Twitter and Magnit are business enterprises that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) and(B).  Defendants are engaged in conducting mass layoffs but have not provided affected employees with the required notice under the federal WARN Act.

## COUNT II
### California WARN Act

Plaintiff and other employees who have worked for Twitter out of California and paid through Magnit have been entitled to the rights, protections, and benefits provided under the California WARN Act, Cal. Lab. Code § 1400 *et seq*.  Defendants are subject to the notice and

back pay requirements of the California WARN Act because Twitter and Magnit are business enterprises that employed 75 or more employees, as defined in the California WARN Act, Cal. Lab. Code § 1400(a). Defendants are engaged in conducting mass layoffs but have not provided all affected employees with the required notice under the California WARN Act.

### COUNT III
### Failure to Provide All Final Pay and Accrued Benefits Immediately Upon Termination
### California Labor Code §§ 201, 203, 227.3

Plaintiff and other employees who have worked for Twitter out of California and paid through Magnit and who were laid off have been entitled to immediate receipt of their full final pay, accrued benefits, and expense reimbursement, pursuant to Cal. Lab. Code §§ 201, 203, and 227.3. Defendants have terminated these employees but failed to provide to them their full final pay, accrued benefits, and expense reimbursement immediately upon termination.

### COUNT IV
### Penalties Pursuant to Private Attorneys General Act of 2004
### Cal. Lab. Code §§ 2698 *et seq.*

Plaintiff is an aggrieved employee as defined by Cal. Lab. Code § 2699(c) as he was employed by Defendants during the applicable statutory period and suffered injury as a result of Defendants' Labor Code violations. Accordingly, Plaintiff seeks to recover on behalf of the State of California, as well as himself and other current and former aggrieved employees who have worked for Twitter out of California and were paid through Magnit, the civil penalties provided by PAGA, plus reasonable attorneys' fees and costs. Plaintiff complied with the notice requirement of Cal. Lab. Code § 2699.3 and served a written notice to the LWDA through its website's online filing portal, and on Defendants via certified mail on November 16, 2022. It has been sixty-five (65) days or more since the LWDA was notified of the Labor Code violations asserted in this complaint, and the LWDA has not provided any notice that it will or will not investigate the alleged violations.

**JURY DEMAND**

Plaintiff requests a trial by jury on these claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

a. Declare and find that the Defendants have violated the federal WARN Act, 29 U.S.C. § 2101 *et seq.*, and the California WARN Act, Cal. Lab. Code §§ 1400 *et seq.*;

b. Declare and find that the Defendants have violated the California Labor code §§ 201, 203, and 227.3.

c. Enter Judgment in Plaintiff's favor on his PAGA claim pursuant to Cal. Lab. Code § 2699(c)

d. Certify this case as a class action;

e. Award compensatory damages and penalties, in an amount according to proof;

f. Award pre- and post-judgment interest;

g. Award reasonable attorneys' fees, costs, and expenses; and

h. Award any other relief to which the Plaintiff and other similarly situated employees may be entitled.

Respectfully submitted,

FRANCISCO RODRIGUEZ, on behalf of himself and all others similarly situated,

By his attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Thomas Fowler (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com; tfowler@llrlaw.com

Dated:        February 7, 2023

# CERTIFICATE OF SERVICE

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on counsel for Defendants Pro Unlimited, Inc. and Twitter, Inc. via the CM/ECF system on February 7, 2023.

Dated: February 7, 2023

By:   /s/ Shannon Liss-Riordan
      Shannon Liss-Riordan