SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
THOMAS FOWLER (*pro hac vice* forthcoming)
(tfowler@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:  (617) 994-5800
Facsimile:  (617) 994-5801

*Attorneys for Plaintiff Francisco Rodriguez,
on behalf of himself and all others similarly situated*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCISCO RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC. and PRO UNLIMITED, INC.<br><br>Defendants | Case No. 3:22-cv-7222<br><br>**DECLARATION OF SHANNON LISS-RIORDAN IN OPPOSITION TO (1) TWITTER'S MOTION TO COMPEL ARBITRATION AND STRIKE AND/OR DISMISS CLASS CLAIMS; AND (2) MAGNIT'S MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S INDIVIDUAL CLAIMS AND STRIKE AND/OR DISMISS CLASS CLAIMS**<br><br>BEFORE THE HON. JAMES DONATO |

I, Shannon Liss-Riordan, hereby declare:

1. I am a partner at the law firm of Lichten & Liss-Riordan, P.C., and counsel for the Plaintiff in the above-captioned matter. I submit this declaration in support of Plaintiff's Opposition to (1) Twitter's Motion to Compel Arbitration and Strike and/or Dismiss Class Claims; and (2) Magnit's Motion to Compel Arbitration of Plaintiff's Individual Claims and Strike and/or Dismiss Class Claims.

2. I also represent the plaintiffs in another lawsuit against Twitter that is before this Court, Cornet et al. v. Twitter, Inc., Civ. Act. No. 3:22-cv-06857 (N.D. Cal.). On January 13, 2023, the Court in Cornet compelled five of the named plaintiffs, Emmanuel Cornet, Justine De Caires, Grae Kindel, Alexis Camacho, and Jessica to arbitration. See Cornet v. Twitter, Inc., 2023 WL 187498, at *1-3 (N.D. Cal. Jan. 13, 2023). Following that decision, I immediately attempted to initiate arbitration proceedings on those plaintiffs' behalf.

3. Additionally, I represent the plaintiffs in Borodaenko v. Twitter, Inc., Civ. Act. No. 4:22-cv-07226-HSG (N.D. Cal.). In that case, Twitter moved to compel arbitration against one of the named plaintiffs, Abhijit Mehta, who had not opted out of Twitter's arbitration agreement. In that case, I filed a notice on January 20, 2023 (Borodaenko Dkt. 20), indicating that Plaintiff Mehta would not contest Twitter's motion to compel arbitration, and I immediately filed an arbitration demand on Plaintiff Mehta's behalf.

4. I have also filed more than 1,000 other arbitration demands with JAMS against Twitter on behalf of former Twitter employees. JAMS is the arbitration provider specified in most of the Twitter-drafted arbitration agreements.

5. Twitter has to date refused to participate in arbitration with respect to any of the arbitration demands that I have filed against it.

6. With respect to the more than 1,000 Twitter employees who submitted arbitration demands rather than going to court, Twitter argued to JAMS that they should not be permitted to proceed with their claims unless they can produce a signed copy of their arbitration agreement.

1
DECLARATION OF SHANNON LISS-RIORDAN IN OPPOSITION TO (1) TWITTER'S MOTION TO COMPEL ARBITRATION AND STRIKE AND/OR DISMISS CLASS CLAIMS; AND (2) MAGNIT'S MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S INDIVIDUAL CLAIMS AND STRIKE AND/OR DISMISS CLASS CLAIMS

When I pointed out that it was Twitter that wanted arbitration, and that Twitter would have better access to those signed agreements, Twitter insisted that no employee should be allowed to arbitrate if they did not produce their signed agreement. An email chain reflecting this communication is attached to this declaration as Exhibit 1.

7.   With respect to the named plaintiffs in Cornet who had been compelled to arbitration and Borodaenko plaintiff Abhijit Mehta, Twitter had already produced their arbitration agreements in moving to compel arbitration agreements. JAMS thus attempted to initiate the cases of those plaintiffs whose arbitration agreement specified JAMS as the arbitration provider (plaintiffs Cornet, De Caires, and Pan). After receiving the Claimants' initial filing fees, JAMS billed Twitter on January 24, 2023, for its initial filing fees and specified that payment was due upon receipt of the invoice. The invoice is attached to this declaration as Exhibit 2.

8.   To date, Twitter has not paid those invoices and has in fact stated that it does not intend to follow JAMS' order regarding payment. Attached as Exhibit 3 to this declaration is an email chain in which Twitter's counsel indicates its refusal to follow JAMS' order regarding payment.

9.   For the other plaintiffs whose agreements did not specify JAMS as an arbitration provider, but instead provided that the parties should agree on their own to arbitrators (Cornet plaintiffs Camacho and Kindel and Borodaenko plaintiff Mehta), Twitter has not engaged with Plaintiffs' counsel in trying to agree to arbitrators.

10.   On January 26, 2023, Twitter's counsel indicated to me that it did not want to use JAMS to administer the arbitration demands of plaintiffs Camacho, Kindel and Borodaenko, since JAMS was not included in their arbitration agreements. The next day, January 27, 2023, I emailed Twitter's counsel with several proposed arbitrators and asked Twitter to respond by the following week letting me know if any of the proposed arbitrators were acceptable. To date, Twitter has simply ignored my email proposing arbitrators. I asked Twitter when we could

2
DECLARATION OF SHANNON LISS-RIORDAN IN OPPOSITION TO (1) TWITTER'S MOTION TO COMPEL ARBITRATION AND STRIKE AND/OR DISMISS CLASS CLAIMS; AND (2) MAGNIT'S MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S INDIVIDUAL CLAIMS AND STRIKE AND/OR DISMISS CLASS CLAIMS

expect a response, and Twitter likewise ignored that email. The email chain reflecting these conversations is attached as Exhibit 4 to this declaration.

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on February 8, 2023:

By:    <u>/s/ Shannon Liss-Riordan</u>
           Shannon Liss-Riordan

3
DECLARATION OF SHANNON LISS-RIORDAN IN OPPOSITION TO (1) TWITTER'S MOTION TO COMPEL ARBITRATION AND STRIKE AND/OR DISMISS CLASS CLAIMS; AND (2) MAGNIT'S MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S INDIVIDUAL CLAIMS AND STRIKE AND/OR DISMISS CLASS CLAIMS

# EXHIBIT 1

**Sender:** Shannon Liss-Riordan <sliss@llrlaw.com>
**Recipient(s):** Meckley, Eric <eric.meckley@morganlewis.com>, Sarah Nevins <snevins@jamsadr.com>
**CC recipient(s):** Thomas Fowler <tfowler@llrlaw.com>, Stephenson, Kassia <kassia.stephenson@morganlewis.com>, Berry, Brian D. <brian.berry@morganlewis.com>, Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>, Hannah Paxton <hpaxton@llrlaw.com>, Margaret Born <mborn@llrlaw.com>, Doyle, Adele <adele.doyle@morganlewis.com>
**Subject:** Re: Liss-Riordan Twitter Cases - JAMS Ref No. 1601001991
**Sent datetime:** 2023-01-19T23:07:00

---

We'll provide agreements for those of our clients who have them. Some will have them and some won't. For those who don't have them, if Twitter doesn't produce them, then I guess we'll just go back to court. Then I expect Twitter may "find" the angreements and try to bring us back to arbitration. At which point we'll object that Twitter had its chance now to proceed with arbitration, and if it didn't participate with the arbitration process while it had the chance, it will have waived arbitration.

-----------------------------
Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
Tel: (617) 994-5800
Fax: (617) 994-5801
sliss@llrlaw.com
www.llrlaw.com

> On Jan 19, 2023, at 9:33 PM, Meckley, Eric <eric.meckley@morganlewis.com> wrote:
>
> Ms. Nevins:
> Ms. Eisner's letter dated January 19, 2023 correctly concluded that JAMS cannot commence an arbitration unless each Claimant submits "a signed arbitration agreement" or "a court order identifying JAMS and/or the JAMS Rules as applicable to the Claimant." Notably, Claimants do not disagree with Ms. Eisner's analysis, which is not surprising because it is the only conclusion that can be drawn from the plain language of Rule 5(a). Twitter is aware of no exception to Rule 5(a), including, but not limited to, any purported "efficiency" exception that Claimants appear to be invoking.
>
> Twitter disagrees with Claimants' assertion that it would be appropriate (or more efficient) for Twitter to produce the Claimants' various arbitration agreements to JAMS. Claimants' bear the burden of prosecuting and presenting their claims and demonstrating that their claims are properly before JAMS. In addition, as noted in Twitter's original objection letter, JAMS lacks the authority to compel Twitter to produce arbitration agreements when Claimants have not properly invoked JAMS' jurisdiction in the first place. *See* Rule 5(a) (specifying when arbitration is "deemed commenced."). Twitter has no way of knowing if Claimants are correct that, in some other matter, JAMS, the claimants (represented by Claimants' counsel here), and the Respondent agreed to proceed in a fashion that was not governed by Rule 5(a). Nor does it matter. Claimants cannot impose upon Twitter (or JAMS) whatever *ad hoc* process their counsel agreed to follow with some other company in some other matter.
>
> Twitter simply does not believe or agree with Claimant's Counsel's blanket, unfounded assertion that her clients "do not have access to their Twitter documents". Claimants surely have access to their personal email accounts, which is where they should expect to find any signed arbitration agreement. As I explained in my January 6, 2023 email to you, when Twitter employees execute arbitration agreements, the electronic program sends them a copy of the signed arbitration agreement upon execution; so, to the extent any of these claimants actually executed an arbitration agreement, they would have received a copy of their signed arbitration agreement in their personal emails – which is what they used when applying for employment with Twitter and prior to becoming employees. Also, throughout their employment they had access to their employment documents and, undoubtedly, many of the Claimants retained copies of their signed offer letters and arbitration agreements. Claimants' Counsels' assertion that <u>none</u> of the 700+ employees for whom she purported to submit demands has a <u>single</u> copy of an arbitration agreement is simply disingenuous. Although Claimants' Counsel plainly would prefer Twitter to do the work of collecting and reviewing the several hundred arbitration agreements that her clients presumably signed—and to sort out which ones specify JAMS and which ones do not—that is not Twitter's burden; it is the Claimants' burden. *See* Rule 5(a)(ii).
>
> The conclusion by JAMS General Counsel Ms. Eisner in her January 19, 2023 letter resolves this issue and there is no further response necessary at this point. Please let me know if you have any questions.
>
> Thank you

**Eric Meckley**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1013 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
eric.meckley@morganlewis.com | www.morganlewis.com
Assistant: Adele Doyle | +1.415.442.1528 | adele.doyle@morganlewis.com

**From:** Sarah Nevins <snevins@jamsadr.com>
**Sent:** Thursday, January 19, 2023 5:46 AM
**To:** Shannon Liss-Riordan <sliss@llrlaw.com>
**Cc:** Thomas Fowler <tfowler@llrlaw.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Berry, Brian D. <brian.berry@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Hannah Paxton <hpaxton@llrlaw.com>; Margaret Born <mborn@llrlaw.com>; Doyle, Adele <adele.doyle@morganlewis.com>
**Subject:** RE: Liss-Riordan Twitter Cases - JAMS Ref No. 1601001991

[EXTERNAL EMAIL]
Thank you.

Does the other side wish to respond? If so, by when?

Sarah



**Sarah Nevins**
Arbitration Practice Manager – East/Central

**JAMS -** *Local Solutions. Global Reach.*<sup>TM</sup>
P: 313.209.8851
**www.jamsadr.com**

Manage your case anytime, anywhere.
**Register now for JAMS Access**.
Follow us on **LinkedIn** and **Twitter**.

**From:** Shannon Liss-Riordan <sliss@llrlaw.com>
**Sent:** Thursday, January 19, 2023 8:21 AM
**To:** Sarah Nevins <snevins@jamsadr.com>
**Cc:** Thomas Fowler <tfowler@llrlaw.com>; eric.meckley@morganlewis.com; kassia.stephenson@morganlewis.com; brian.berry@morganlewis.com; ashlee.cherry@morganlewis.com; Hannah Paxton <hpaxton@llrlaw.com>; Margaret Born <mborn@llrlaw.com>; adele.doyle@morganlewis.com
**Subject:** Re: Liss-Riordan Twitter Cases - JAMS Ref No. 1601001991

> **Caution:** This email originated from outside JAMS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Ms. Nevins:

As I said before, it is Twitter that has claimed that these employees are bound to arbitrate their claims, and we have seen a number of agreements specifying JAMS as the arbitration provider which is why we have filed these demands with JAMs. I have not seen Twitter dispute that employees are bound by an arbitration clause. If they are in fact bound by one, it is obviously far more efficient for Twitter to produce them to JAMS than the 700+ claimants for whom we have filed demands so far. Indeed, that is how previous arbitrations we have pursued at JAMS have proceeded. And these employees are no longer employed at Twitter and do not have access to their Twitter documents. If Twitter denies they are bound by arbitration clauses, or declines to participate in their claims in arbitration, we'll proceed with their claims in court.

And no, we will not fund any of Twitter's fees for these arbitrations.

Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
Tel: (617) 994-5800
Fax: (617) 994-5801
sliss@llrlaw.com
www.llrlaw.com

> On Jan 19, 2023, at 8:11 AM, Sarah Nevins <snevins@jamsadr.com> wrote:

Good Morning Counsel.

Please see attached regarding the above referenced matters.

Claimants, do you wish to use a portion of the filing fee already paid to fund the filing fee for the cases listed in the enclosed correspondence?  Please advise.

Thank you,
Sarah

**Sarah Nevins**
Arbitration Practice Manager – East/Central

**JAMS - *Local Solutions. Global Reach.*** [TM]
P: 313.209.8851
**www.jamsadr.com**

Manage your case anytime, anywhere.
**Register now for JAMS Access**.
Follow us on **LinkedIn** and **Twitter**.

# EXHIBIT 2

# DEPOSIT REQUEST



**Invoice Date**
1/23/2023

**Invoice Number**
6501532

Bill To:   Mr. Eric Meckley Esq.
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
28th Floor
San Francisco, CA 94105
US

| | |
|---|---|
| **Reference #:** | **1100115269 - Rep# 3** |
| Billing Specialist: | **Mindiola, Nicholaus** |
| Email: | nmindiola@jamsadr.com |
| Telephone: | 949-224-4626 |
| Employer ID: | 68-0542699 |

RE: **Cornet, Emmanuel vs. Twitter, Inc.**
Representing: **Twitter, Inc.**

Neutral(s):   **JAMS 1-JAMS**
Hearing Type: **ARBITRATION**        SN

| Date / Time | Description | Your Share |
|---|---|---|
| 1/23/23 | **JAMS INC**<br>Non-Refundable Filing Fee | $ 1,600.00 |

| | |
|---|---|
| **Total Billed:** | $ 1,600.00 |
| **Total Payment:** | $ 0 |
| **Balance:** | $ 1,600.00 |

Invoice total is based on the fee split agreed upon by all parties. If the case cancels or continues, fees are due per our cancellation and continuance policy. Please make checks payable to JAMS, Inc. Payment is due upon receipt.

**Click here to pay**

Standard mail:
**P.O. Box 845402**
**Los Angeles, CA 90084**

Overnight mail:
**18881 Von Karman Ave. Suite 350**
**Irvine, CA 92612**

Printed on 1/24/2023 / **1100115269 - Rep# 3**                1 of 1



# DEPOSIT REQUEST

**Invoice Date**
1/23/2023

**Invoice Number**
6501530

Bill To:
Mr. Eric Meckley Esq.
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
28th Floor
San Francisco, CA 94105
US

| | |
|---|---|
| **Reference #:** | **1100115268 - Rep# 3** |
| Billing Specialist: | **Mindiola, Nicholaus** |
| Email: | nmindiola@jamsadr.com |
| Telephone: | 949-224-4626 |
| Employer ID: | 68-0542699 |

RE: **De Caires, Justine vs. Twitter, Inc.**
Representing: **Twitter, Inc.**

Neutral(s):   **JAMS 1-JAMS**
Hearing Type: **ARBITRATION**         SN

| Date / Time | Description | Your Share |
|---|---|---|
| 1/23/23 | **JAMS INC** Non-Refundable Filing Fee | $ 1,600.00 |

| | |
|---|---|
| **Total Billed:** | $ 1,600.00 |
| **Total Payment:** | $ 0 |
| **Balance:** | $ 1,600.00 |

Invoice total is based on the fee split agreed upon by all parties. If the case cancels or continues, fees are due per our cancellation and continuance policy. Please make checks payable to JAMS, Inc. Payment is due upon receipt.

**Click here to pay**

Standard mail:
P.O. Box 845402
Los Angeles, CA 90084

Overnight mail:
18881 Von Karman Ave. Suite 350
Irvine, CA 92612

Printed on 1/24/2023 / **1100115268 - Rep# 3**                                    1 of 1

# DEPOSIT REQUEST



**Invoice Date**
1/23/2023

**Invoice Number**
6501534

Bill To: Mr. Eric Meckley Esq.
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
28th Floor
San Francisco, CA 94105
US

| | |
|---|---|
| **Reference #:** | **1100115270 - Rep# 3** |
| Billing Specialist: | **Mindiola, Nicholaus** |
| Email: | nmindiola@jamsadr.com |
| Telephone: | 949-224-4626 |
| Employer ID: | 68-0542699 |

RE: **Pan, Jessica vs. Twitter, Inc.**
Representing: **Twitter, Inc.**

Neutral(s):   **JAMS 1-JAMS**
Hearing Type: **ARBITRATION**                        SN

| Date / Time | Description | Your Share |
|---|---|---|
| 1/23/23 | **JAMS INC** Non-Refundable Filing Fee | $ 1,600.00 |

| | |
|---|---|
| **Total Billed:** | $ 1,600.00 |
| **Total Payment:** | $ 0 |
| **Balance:** | $ 1,600.00 |

Invoice total is based on the fee split agreed upon by all parties. If the case cancels or continues, fees are due per our cancellation and continuance policy. Please make checks payable to JAMS, Inc. Payment is due upon receipt.

**Click here to pay**

Standard mail:
**P.O. Box 845402**
**Los Angeles, CA 90084**

Overnight mail:
**18881 Von Karman Ave. Suite 350**
**Irvine, CA 92612**

Printed on 1/24/2023 / **1100115270 - Rep# 3**                                 1 of 1

# EXHIBIT 3

**Sender:** Shannon Liss-Riordan <sliss@llrlaw.com>
**Recipient(s):** Meckley, Eric <eric.meckley@morganlewis.com>
**CC recipient(s):** Thomas Fowler <tfowler@llrlaw.com>, Stephenson, Kassia <kassia.stephenson@morganlewis.com>, Berry, Brian D. <brian.berry@morganlewis.com>, Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>, Doyle, Adele <adele.doyle@morganlewis.com>
**Subject:** Re: Liss-Riordan Twitter Cases - JAMS Ref No. 1601001991
**Sent datetime:** 2023-02-06T23:57:04

The agreement says that JAMS rules will be followed, so if JAMS says the fees are due upon receipt, they're due upon receipt.

There are no filing fees due for the claimants whose arbitration agreements don't specify JAMS, so there is no reason for you not to have responded yet to my suggestions for arbitrators for the claims of Camacho, Kindel, and Mehta.

-----------------------------
Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
Tel: (617) 994-5800
Fax: (617) 994-5801
sliss@llrlaw.com
www.llrlaw.com

> On Feb 6, 2023, at 11:50 PM, Meckley, Eric <eric.meckley@morganlewis.com> wrote:
>
> Shannon,
> There are currently 3 of your plaintiffs for whom JAMS has issued an invoice (Cornet, De Caires and Pan). Although JAMS states that the invoice is "due immediately", the deadline for payment is actually thirty (30) days from issuance, which is February 22, 2023. You may wish to impose your own unilateral "deadlines" for payment but Twitter will comply with the actual statutory deadlines.
> Thanks
>
> **Eric Meckley**
> **Morgan, Lewis & Bockius LLP**
> One Market, Spear Street Tower | San Francisco, CA 94105
> Direct: +1.415.442.1013 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
> eric.meckley@morganlewis.com | www.morganlewis.com
> Assistant: Adele Doyle | +1.415.442.1528 | adele.doyle@morganlewis.com
>
> **From:** Shannon Liss-Riordan <sliss@llrlaw.com>
> **Sent:** Monday, February 6, 2023 7:19 AM
> **To:** Meckley, Eric <eric.meckley@morganlewis.com>
> **Cc:** Thomas Fowler <tfowler@llrlaw.com>; Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Berry, Brian D. <brian.berry@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Doyle, Adele <adele.doyle@morganlewis.com>
> **Subject:** Re: Liss-Riordan Twitter Cases - JAMS Ref No. 1601001991
>
> [EXTERNAL EMAIL]
> Eric -
>
> Twitter has not paid any arbitration filing fees, including those that were billed to you about two weeks ago, and you've opposed starting arbitrations until we produce signed arbitration agreements, which we are now doing.
>
> Also, in response to your request that I propose arbitrators for several initial cases where JAMS is not specified and the parties are required to agree on their own to arbitrators, I gave you suggestions and asked for your response in a week. That week passed on Friday with no response from you.
>
> Unless you respond by tomorrow, committing that Twitter will pay this week the JAMS filing fees that are due, as well as provide responses to my proposals for arbitrators for the cases where JAMS is not specified, I will report to the court that Twitter is not participating in arbitration and that these cases should therefore all be able to proceed in court.
>
> -----------------------------
> Shannon Liss-Riordan
> Lichten & Liss-Riordan, P.C.
> 729 Boylston Street, Suite 2000
> Boston, Massachusetts 02116
> Tel: (617) 994-5800

# EXHIBIT 4

**Sender:** Shannon Liss-Riordan <sliss@llrlaw.com>
**Recipient(s):** Meckley, Eric <eric.meckley@morganlewis.com>
**CC recipient(s):** Stephenson, Kassia <kassia.stephenson@morganlewis.com>, Berry, Brian D. <brian.berry@morganlewis.com>, Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>, Thomas Fowler <tfowler@llrlaw.com>, Margaret Born <mborn@llrlaw.com>, Lotsoff, Jonathan D. <jonathan.lotsoff@morganlewis.com>
**Subject:** Re: Liss-Riordan Twitter Cases - JAMS Ref No. 1601001991
**Sent datetime:** 2023-02-02T10:16:35

Please let us know if any of these arbitrators are agreeable or others you have to suggest. If we can't agree on them, we'll need to have the court appoint arbitrators, so we could take this up at the conference next week.

On Jan 27, 2023, at 8:42 PM, Shannon Liss-Riordan <sliss@llrlaw.com> wrote:

Eric – In response to your request for proposed arbitrators for these cases:

Here are some San Francisco suggestions:



Here are some Boston area suggestions:



Alexis Camacho is in Honolulu.  ▇▇▇▇▇▇▇▇▇  goes out there, so how about him?

Let us know if any of these are acceptable, or if you have others to propose. Please get back to us next week so we can move these forward.

Thanks,
Shannon

Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
Tel: (617) 994-5800
Fax: (617) 994-5801
sliss@llrlaw.com
www.llrlaw.com

**From:** Meckley, Eric <eric.meckley@morganlewis.com>
**Sent:** Thursday, January 26, 2023 2:47 PM
**To:** Shannon Liss-Riordan <sliss@llrlaw.com>
**Cc:** Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Berry, Brian D. <brian.berry@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Thomas Fowler <tfowler@llrlaw.com>; Margaret Born <mborn@llrlaw.com>; Lotsoff, Jonathan D. <jonathan.lotsoff@morganlewis.com>
**Subject:** RE: Liss-Riordan Twitter Cases - JAMS Ref No. 1601001991

Shannon,
Per the terms of the Dispute Resolution Agreements signed by Alexis Camacho, Grae Kindel, and Abhijit Mehta, the "Arbitrator shall be selected by mutual agreement of the Company and the Employee". The arbitration must occur within 45 miles of the location where the employee reported to work and the arbitrator must be licensed in that jurisdiction. Camacho and Mehta reported to the Company's San Francisco location; Kindel reported to the Cambridge location. As a result, we should be considering arbitrators in those respective locations. We're happy to consider any arbitrators that you would propose, and if you could provide us with several potential names for consideration we will review and get back to you with our responses.
Thanks

**Eric Meckley**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1013 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
eric.meckley@morganlewis.com | www.morganlewis.com
Assistant: Adele Doyle | +1.415.442.1528 | adele.doyle@morganlewis.com

**From:** Shannon Liss-Riordan <sliss@llrlaw.com>
**Sent:** Thursday, January 19, 2023 7:39 AM
**To:** Meckley, Eric <eric.meckley@morganlewis.com>
**Cc:** Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Berry, Brian D. <brian.berry@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Thomas Fowler <tfowler@llrlaw.com>; Margaret Born <mborn@llrlaw.com>
**Subject:** FW: Liss-Riordan Twitter Cases - JAMS Ref No. 1601001991

[EXTERNAL EMAIL]
Eric -

The arbitration agreements for Alexis Camacho, Grae Kindel, and Abhijit Mehta do not specify JAMS. Since Twitter specified JAMS for many of its arbitration agreements (it appears it was added later to its template), we assumed that Twitter would agree to using JAMS for administering all the arbitrations. If not, let us know how you would propose we proceed with these arbitrations, as well as those for any other Twitter employees we represent whose arbitration agreement does not specify JAMS as the arbitration provider. Do you want to suggest some arbitrators to us?

Shannon

--------------------------------------------------
Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
Tel: (617) 994-5800
Fax: (617) 994-5801
sliss@llrlaw.com
www.llrlaw.com