MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCISCO RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWITTER, INC. and PRO UNLIMITED, INC.,<br><br>Defendants. | Case No. 3:22-cv-07222-JD<br><br>**DEFENDANT TWITTER, INC.'S SUPPLEMENTAL MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S INDIVIDUAL PAGA CLAIM AND DISMISS PLAINTIFF'S REPRESENTATIVE PAGA CLAIM**<br><br>Date:   April 6, 2023<br>Time:   10 a.m.<br>Judge:   Honorable James Donato |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TWITTER'S SUPPLEMENTAL MTC
ARBITRATION RE: PAGA CLAIMCASE
NO. 4:22-CV-07222-JD

## I. INTRODUCTION

On January 11, 2023, Defendants PRO Unlimited, Inc. dba Magnit ("Magnit") and Twitter, Inc. ("Twitter") each filed a motion to compel Plaintiff Francisco Rodriguez to submit his claims to arbitration on an individual basis, pursuant to the terms of the valid and enforceable arbitration agreement that he signed as a condition of his employment with Magnit.[1] *See* ECF Nos. 26 and 27. On the eve of the deadline to file his opposition to Twitter and Magnit's motions, and in an apparent attempt to maintain his lawsuit in this Court, Plaintiff requested leave to file a First Amended Class Action Complaint ("FAC") adding a claim seeking penalties under California's Private Attorneys General Act ("PAGA"). ECF No. 34. Ultimately, the Parties stipulated that Plaintiff could file the FAC and that Twitter and Magnit would submit supplemental briefing specifically addressing the arbitrability of Plaintiff's PAGA claim. ECF No. 38.

As an initial matter, it is important for the Court to recognize that Plaintiff concedes he is subject to a valid and enforceable arbitration agreement. In his Opposition to Defendants' original moving papers, Plaintiff did not address the validity or enforceability of his arbitration agreement *at all*. *See* ECF No. 35. Nor did Plaintiff object to Twitter's ability to enforce the arbitration agreement as an express third-party beneficiary. Rather, Plaintiff's Opposition was limited to his arguments regarding why his (yet-to-be filed) PAGA claim should not be compelled to arbitration.

Twitter's motion to compel and dismiss should be granted in full. Maintaining Plaintiff's individual PAGA claim in this Court would require this Court to disregard controlling Supreme Court precedent. The United States Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana*, 142 S.Ct. 1906 (2022) requires this Court to compel Plaintiff's individual PAGA claim to arbitration. In addition, based upon *Viking River* precedent, Plaintiff's remaining non-individual PAGA claim must be dismissed, because Plaintiff lacks standing to maintain it.

///

---

[1] Twitter fully incorporates (and does not reiterate herein) the arguments set forth in its original moving papers.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

TWITTER'S SUPPLEMENTAL MTC
ARBITRATION RE: PAGA CLAIM
CASE NO. 4:22-CV-07222-JD

For these reasons, and for those set forth in Twitter's original moving papers, Twitter respectfully requests that this Court issue an Order compelling Plaintiff to submit his claims, including his individual PAGA claim, to arbitration on an individual basis. Twitter further requests that this Court issue an Order dismissing Plaintiff's non-individual PAGA claim based on his lack of standing to maintain such claim, as required under *Viking River*.

## II.  RELEVANT FACTUAL BACKGROUND

### A.  Plaintiff's Arbitration Agreement Encompasses His PAGA Claim.

As set forth in Twitter's original moving papers, Plaintiff's "Arbitration Policy and Agreement" (the "Agreement") with Magnit expressly states that "the interpretation and enforceability of this Agreement shall be governed by the Federal Arbitration Act." ECF No. 26-1, §§ 4 and 9. Plaintiff agreed to arbitrate "all claims or causes of action that the Employee may have against the Company or any of its clients for whom Employee performed work" including, but not limited to "claims for violation of any law, statute, regulation, ordinance or common law, including . . . the California Labor Code[.]" *Id.* §§ 2 and 10. Plaintiff's Agreement contains a class and collective action waiver that states:

> This Agreement affects the Employee's ability to participate in class or collective actions.  To the full extent permitted by law, neither the Employee nor the Company shall have a right to: (a) arbitrate any claim on a class or collective basis on behalf of any of the Company's workers, employees, independent contractors, applicants, or other persons similarly situated; …. and/or (d) file or participate in a representative or collective capacity or as a member of any class of claimants in an action in a court of law pertaining to any claims encompassed by this Agreement... There will be no right or authority for any dispute to be brought, heard or arbitrated as a class or collective action, or as a member in any such class or collective proceeding ("Class Action Waiver").

*Id.* § 4.

Pursuant to Plaintiff's Agreement a PAGA claim is only excluded "*to the extent required by law*." *Id.* § 3 (emphasis added).

## III.  LEGAL ANALYSIS

### A.  *Viking River* Mandates Arbitration of Plaintiff's Individual PAGA Claims.

In *Viking River*, the United States Supreme Court held that the Federal Arbitration Act preempts the "indivisibility" rule in *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TWITTER'S SUPPLEMENTAL MTC
ARBITRATION RE: PAGA CLAIM
CASE NO. 4:22-CV-07222-JD

4th 348 (2014) "insofar as it precludes division of PAGA actions into individual and non-individual claims through an agreement to arbitrate" and operates to bar an individual PAGA claim from being compelled to arbitration. 142 S. Ct. at 1922-25. As a result, the employer in *Viking River* "was entitled to enforce the agreement insofar as it mandated arbitration of [plaintiff's] individual PAGA claim." *Id.* at 1925.

Here, by signing the Agreement, Plaintiff agreed to arbitrate "all claims or causes of action that the Employee may have against the Company or any of its clients for whom Employee performed work," including, but not limited to "claims for violation of any law, statute, regulation, ordinance or common law, including . . . the California Labor Code[.]" ECF No. 26-1 §§ 2 and 10. Plaintiff also agreed that he would not "file or participate in a representative or collective capacity or as a member of any class of claimants in an action … pertaining to any claims encompassed by [the] Agreement" or "arbitrate any claim… on behalf of any of the Company's workers, employees, independent contractors, applicants, or other persons similarly situated." *Id*. § 4.

These terms plainly encompass an individual PAGA claim based on alleged Labor Code violations that involve Plaintiff individually, require Plaintiff to arbitrate his claim on an individual basis, and preclude him from using a claim-aggregating device like a PAGA representative action to pursue non-individual claims on behalf of another employee or group of employees in arbitration. As a result, under *Viking River*, Plaintiff must be compelled to arbitrate his individual PAGA claim. *See* 142 S. Ct. at 1924-25.

The language of the Agreement referencing potential exclusion of PAGA claims does not change this conclusion, because the PAGA-exclusion language specifies that it applies *only as required by law*. Based upon the holding in *Viking River* (*i.e.*, binding and clearly applicable precedent interpreting the FAA and PAGA), individual PAGA claims are not excluded from the claims subject to the Agreement. Plaintiff's individual PAGA claims are premised upon alleged violations of the California Labor Code, which are expressly referenced in Section 2 of the Agreement, entitled "Claims Covered by this Agreement." Thus, Plaintiff cannot credibly argue

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

TWITTER'S SUPPLEMENTAL MTC
ARBITRATION RE: PAGA CLAIM
CASE NO. 4:22-CV-07222-JD

that, given the current state of "applicable law", his individual PAGA claim is excluded from the scope of arbitrable claims under the Agreement.[2]

In his Opposition to Defendants' original moving papers, Plaintiff argued that his individual PAGA claim could not be compelled to arbitration because the Agreement contains a "wholesale" waiver of the right to bring PAGA claims. *See* ECF No. 35, 5:16-26. As *Viking River* explains, while all "PAGA actions are 'representative' in that they are brought by employees acting as representatives . . . of the State," they are also "representative" in a second sense "when they are predicated on code violations sustained by other employees." *Id.* at 1916. And "when the word 'representative' is used in the second way, it makes sense to distinguish 'individual' PAGA claims, which are premised on Labor Code violations actually sustained by the plaintiff, from 'representative' (or perhaps quasi-representative) PAGA claims arising out of events involving other employees." *Id*. The Agreement draws exactly this distinction, requiring arbitration of "individual" claims but not representative claims brought "on behalf of any of the Company's workers, employees, independent contractors, applicants, or other persons similarly situated."[3] ECF No. 26-1 § 4.

Even based on Plaintiff's erroneous characterization of the Agreement containing a wholesale PAGA waiver, *Viking River* nonetheless instructs that if an agreement does contain such a wholesale waiver, the agreement is still enforceable as to the individual component of the PAGA claim so long as the agreement has a severability clause. *See id.* at 1925 ("[T]he severability clause…provides that if the waiver provision is invalid in some respect, any 'portion'

---

[2] There is generally a "liberal federal policy favoring arbitration agreements" and, in accordance with that policy, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses J. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983), *superseded by statute on other grounds*; *Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1072 (9th Cir. 2013) (same).

[3] To the extent any ambiguity exists regarding whether the parties agreed to arbitrate Plaintiff's individual PAGA claims, federal and state law would require resolving that ambiguity in favor of arbitration. *See Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1418 (2019) ("[W]e have repeatedly held that ambiguities about the scope of the arbitration agreement must be resolved in favor of arbitration."); *Wagner Constr. Co. v. Pac. Mech. Corp.*, 41 Cal. 4th 19, 26 (2007) ("Even were the language less clear, 'doubts concerning the scope of arbitrable issues' would still have to be 'resolved in favor of arbitration.'" (citation omitted)).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

TWITTER'S SUPPLEMENTAL MTC
ARBITRATION RE: PAGA CLAIM
CASE NO. 4:22-CV-07222-JD

of the waiver that remains valid must still be 'enforced in arbitration.'"). Here, the Agreement contains such a severability clause; specifically:

> To the extent that a court determines that any portion of this Agreement, including the class or collective action waiver, is unenforceable, the Parties intend for the remainder of that provision and the Agreement as a whole to be enforced to the full extent permitted by law.

ECF No. 26-1 § 4.

The relevant enforceable provisions of the Agreement are those requiring arbitration of Plaintiff's individual claims, including his individual PAGA claim. *See Viking River*, 142 S. Ct. at 1924-25 (holding that the severability clause entitled employer to enforce the agreement "insofar as it mandated arbitration of [the employee's] individual PAGA claim."). As a result, the Agreement requires Plaintiff to arbitrate his individual PAGA claim, and the Court must compel Plaintiff to arbitrate his individual PAGA claim.

### B. Plaintiff's Representative PAGA Claim Should Be Dismissed For Lack of Standing.

Once a plaintiff's individual PAGA claim has been compelled to arbitration, a court should dismiss the remaining non-individual/representative PAGA claim because "PAGA provides no mechanism to enable a court to adjudicate non-individual PAGA claims once an individual claim has been committed to a separate proceeding." *Viking River*, 142 S. Ct. at 1925. The Supreme Court further stated "[u]nder PAGA's [statutory] standing requirement, a plaintiff can maintain non-individual PAGA claims in an action only by virtue of also maintaining an individual claim in that action." *Id.* (citing Labor Code Sections 2699(a) and (c), which together only authorize PAGA civil actions "brought by an aggrieved employee on behalf of himself or herself and other current or former employees"). As a result, an employee "lack[s] statutory standing to continue to maintain her non-individual claims in court, and the correct course was to dismiss her remaining claims." *Id.* Federal district courts in California have followed and adopted this holding in *Viking River*, including courts within the Northern District of California. *See Callahan v. Paychex North America Inc.*, No. 21-CV-05670-CRB, 2022 WL 11902205, at *4 (N.D. Cal. Oct. 20, 2022) (granting motion to dismiss Plaintiff's non-individual PAGA claim

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

TWITTER'S SUPPLEMENTAL MTC
ARBITRATION RE: PAGA CLAIM
CASE NO. 4:22-CV-07222-JD

because "[o]nce the individual PAGA claims are compelled to arbitration—in the absence of any superseding holding by a California court on statutory standing here—the "correct course is to dismiss" the representative PAGA claims"). Federal courts in other California judicial districts have reached similar conclusions. *See Hansber v. Ulta Beauty Cosmetics, LLC*, No. 121CV00022AWICDB, 2022 WL 15836627, at *7 (E.D. Cal. Nov. 9, 2022) (dismissing non-individual PAGA claims because "the Supreme Court's decision in *Viking River* is on point in this matter" and "declining to issue an indefinite stay of months, or possibly years, on the possibility that the California Supreme Court's interpretation of statutory standing will differ from the interpretation articulated in *Viking River*"); *Johnson v. Lowes Home Centers LLC*, No. 221CV00087TLNJDP, 2022 WL 4387796, at *4 (E.D. Cal. Sept. 22, 2022) (dismissing non-individual PAGA claims because "[t]he Supreme Court clearly set forth that non-individual PAGA claims should be dismissed once the individual PAGA claim is compelled to arbitration"); *Huell v. Bevmo Holdings, LLC, et al.*, No. 22CV01394WBSAC, 2023 WL 1823611, at *1 (E.D. Cal. Feb. 8, 2023) ("plaintiff's non-individual PAGA claims must be3 dismissed for lack of statutory standing"); *Radcliff v. San Diego Gas & Electric Company*, No. 20CV1555HMSB, 2022 WL 4229305, at *4 (S.D. Cal. Sept. 12, 2022) (striking representative PAGA claim from the complaint and compelling the remaining claims to arbitration because the Supreme Court "presented … persuasive authority on the statutory standing issue"). California state trial courts have dismissed representative PAGA claims for similar reasons. *See Thistlewaite v. United Parcel Service Inc.*, No. CV2201753PSG, 2022 WL 17578868, at *3 ("[B]ecause [plaintiff's] individual PAGA claims are committed to a separate arbitration proceeding, [plaintiff] 'lacks statutory standing to continue to maintain her non-individual claims in court, and the correct course is to dismiss her remaining claims'").

Due process considerations prohibit a plaintiff from pursuing the same claim in two different forums. *See Montana v. United States*, 440 U.S. 147, 153-154 (1979) ("a right, question or fact distinctly put in issue and directly determined. . . cannot be disputed in a subsequent suit between the same parties or their privies…. To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and

vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.") (citations omitted); *Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action"). *See also Villacres v. ABM Industries Inc*. 189 Cal. App. 4th 562, 575 (2010) ("Under the doctrine of [claim preclusion], a valid, final judgment on the merits is a bar to a subsequent action by parties or their privies on the same cause of action"; applying this doctrine to PAGA claims); *Robinson v. S. Counties Oil Co.*, 53 Cal. App. 5th 476, 481 (2020) ("The claim preclusion doctrine, formerly called res judicata, prohibits a second suit between the same parties on the same cause of action.") (quotations omitted).

Twitter anticipates that Plaintiff may rely upon *Galarsa v. Dolgen California, LLC*, No. F082404, 2023 WL 2212196 (Cal. Ct. App. Feb. 2, 2023), as modified on denial of reh'g (Feb. 24, 2023), which disagreed with *Viking River's* standing analysis, to argue that California law permits a plaintiff to maintain a court action pursuing non-individual PAGA claims even if the individual PAGA claim has been compelled to arbitration. *Galarsa* is inapplicable here, however, because "standing in federal court is a question of federal law, not state law." *Magadia v. Wal-Mart Associates, Inc.*, 999 F.3d 668, 674-675 (9th Cir. 2021) (citing *Hollingsworth v. Perry*, 570 U.S. 693, 715 (2013)) (holding that the plaintiff lacked standing to pursue a PAGA claim premised upon meal break violations where the plaintiff himself did not suffer from any such violations); *see also Hollingsworth*, 570 U.S. at 715 ("[N]o matter its reasons, the fact that a State thinks a private party should have standing to seek relief for a generalized grievance cannot override our settled law to the contrary"). Thus, *Viking River* requires this Court to dismiss Plaintiff's non-individual PAGA claims because Plaintiff lacks standing to prosecute such claims.

**C.   In The Alternative, The Court Should Stay the Representative PAGA Claim Pending Final Resolution of Plaintiff's Arbitration.**

Twitter maintains that *Viking River* requires dismissal of Plaintiff's non-individual PAGA claim, a result that is consistent with PAGA's express language that a PAGA civil action can only be pursued if it is an action "brought by an aggrieved employee on behalf of himself or herself

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

TWITTER'S SUPPLEMENTAL MTC
ARBITRATION RE: PAGA CLAIM
CASE NO. 4:22-CV-07222-JD

*and* other current or former employees . . . ." (Labor Code § 2699(a)), as well as consistent with the decisions from several California federal district courts.

If, however, for any reason the Court orders arbitration of Plaintiffs' individual PAGA claims but declines to dismiss the remaining non-individual claims, then the Court must stay those claims pending arbitration of Plaintiff's individual PAGA claim. Specifically, if a court compels arbitration, it shall, upon application of a party, stay the action pending completion of the arbitration. 9 U.S.C.A. § 3; *Ziober v. BLB Res., Inc.*, 839 F.3d 814, 817 (9th Cir. 2016) ("Section 3 of the FAA specifically directs federal district courts to stay proceedings and compel arbitration of 'any issue referable to arbitration under an agreement in writing for such arbitration'"); *see also MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4 (9th Cir. 2014) (presuming that an order compelling arbitration but not explicitly dismissing the underlying claims stays the action pending completion of arbitration). Such result is also mandated by the terms of Plaintiff's Agreement, which provides that "[i]n the event it is determined that a dispute between the Parties involves both arbitrable claims and non-arbitrable claims…, the Parties agree that any arbitrable claims shall be resolved first and that any non-arbitrable claim(s) shall be stayed pending resolution of the arbitrable claim(s). As a result, if the Court does not dismiss the non-individual PAGA claim according to binding authority, then Twitter requests that the Court stay such claim until the final conclusion of the arbitration proceedings.

### IV.   CONCLUSION

The Court should grant Twitter's motion to compel, and compel Plaintiff's claims, including his individual PAGA claim, to arbitration. The Court should then dismiss Plaintiff's non-individual PAGA claims for lack of standing based upon *Viking River*.

Dated: March 7, 2023                                           MORGAN, LEWIS & BOCKIUS LLP

                                                              By  */s/ Eric Meckley*
                                                                  Eric Meckley
                                                                  Ashlee Cherry

                                                                  Attorneys for Defendant
                                                                  TWITTER, INC.