Kurt A. Kappes (SBN 146384)
Ashley Farrell Pickett (SBN 271825)
Bryan W. Patton (SBN 294910)
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
kappesk@gtlaw.com
farrellpicketta@gtlaw.com
pattonbw@gtlaw.com
TEL: 310-586-7700
FAX: 310-586-7800
Attorneys for Defendant
MAGNIT, LLC F/K/A/PRO UNLIMITED, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

FRANCISCO RODRIGUEZ, on behalf of himself and all others similarly situated,

Plaintiff,

v.

TWITTER, INC. and PRO UNLIMITED, INC.,

Defendants.

CASE NO. 3:22-cv-7222-JD

Assigned to The Honorable James Donato

**DEFENDANT MAGNIT, LLC F/K/A PRO UNLIMITED, INC.'S REPLY IN SUPPORT OF MOTIONS TO COMPEL ARBITRATION OF PLAINTIFF'S INDIVIDUAL CLAIMS AND DISMISS CLASS CLAIMS AND NON-INDIVIDUAL PAGA CLAIMS**

Date: April 6, 2023
Time: 10:00 a.m.
Dept: Courtroom 11

**TABLE OF CONTENTS**

I. PLAINTIFF'S ARBITRATION AGREEMENT IS VALID AND ENFORCEABLE, AND REQUIRES ARBITRATION OF HIS INDIVIDUAL CLAIMS. 2

A. Plaintiff Concedes That His WARN Act and Labor Code § 203 Claims Are Arbitrable and That His Putative Class Claims Must be Dismissed. 2

B. Plaintiff's Individual PAGA Claim Must Also Be Compelled to Arbitration. 3

II. THE TEXT OF THE PAGA STATUTE, DUE PROCESS, AND CONTROLLING CASE LAW REQUIRE DISMISSAL OF PLAINTIFF'S NON-INDIVIDUAL PAGA CLAIM. 5

A. Plaintiff's Non-Individual PAGA Claim Must Be Dismissed Because, As Held in *Viking River*, Plaintiff Cannot Pursue PAGA Claims in Two Fora. 5

B. The California Supreme Court's Decision In *Kim v. Reins* Does Not Support Plaintiff's Attempt to Evade the Holding of *Viking River*. 7

C. Plaintiff's Cited Authorities Do Not Support His Position. 8

III. IF THE COURT IS NOT INCLINED TO DISMISS PLAINTIFF'S REPRESENTATIVE PAGA CLAIM, IT SHOULD BE STAYED. 10

IV. CONCLUSION 10

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*ABC Servs. Grp. v. Health Net of Cal., Inc.*,
2020 WL 2121372 (C.D. Cal. May, 4, 2020) .......... 2

*Burger v. Northrop Grumman Sys. Corp.*,
2022 U.S. Dist. LEXIS 225548 (C.D. Cal. Dec. 13, 2022) .......... 4

*Dodd v. United States*,
545 U.S. 353 (2005) .......... 9

*DW Aina Le'a Dev., LLC v. State of Haw. Land Use Comm'n*,
918 F.3d 602 (9th Cir. 2019) .......... 8

*Hansber v. Ulta Beauty Cosmetics, LLC*,
2022 WL 16836627 (E.D. Cal. Nov. 9, 2022) .......... 10

*Harper v. Charter Commc'ns, LLC*,
2021 WL 5602532 (E.D. Cal. Nov. 30, 2021) .......... 8

*Henson v. Santander Consumer USA Inc.*,
137 S. Ct. 1718 (2017) .......... 9

*Johnson v. Lowe's Home Ctrs, LLC*,
2022 WL 4387796 (E.D. Cal. Sep. 22, 2022) .......... 9

*Johnson v. Macy*,
145 F. Supp. 3d 907 (C.D. Cal. 2015) .......... 2

*Montana v. United States*,
440 U.S. 147 (1979) .......... 6

*In re NCAA Student-Athlete Name & Likeness Litig.*,
724 F.3d 1268 (9th Cir. 2013) .......... 8

*Rivers v. Roadway Express, Inc.*,
511 U.S. 298 (1994) .......... 3

*Shams v. Revature LLC*,
No. 22-cv-0745-NC, 2022 WL 3453068 (N.D. Cal. Aug. 17, 2022) .......... 9

*Valencia v. Mattress Firm, Inc.*,
No. C 22-06875 WHA, 2023 WL 2062951 (N.D. Cal. Feb. 16, 2023) .......... 3, 4, 5

*Viking River Cruises v. Moriana*,
142 S. Ct. 1906 (2022) .......... 1, 5, 8, 10

**State Cases**

*Fitch v. Select Products Co.*,
36 Cal. 4th 812 (2005) .......... 9

*Galarsa v. Dolgen Cal., LLC*,
305 Cal. Rptr. 3d 15 (2023) ........ 7, 8, 9

*Johnson v. Maxim Healthcare Servs.*,
66 Cal. App. 5th 924 (2021) ........ 7

*Kim v. Reins Int'l Cal., Inc.*,
9 Cal. 5th 73 (2020) ........ 6, 7, 8

*Piplack v. In-N-Out Burger*,
No. G061098, 2023 WL 2384502 (Cal. Ct. App. Mar. 7, 2023) ........ 7, 9

*Reyes v. Macy's Inc.*,
202 Cal. App. 4th 1119 (2011) ........ 6

*Robinson v. S. Ctys. Oil Co.*,
53 Cal. App. 5th 476 (2020) ........ 6

*Villacres v. ABM Indus. Inc.*
189 Cal. App. 4th 562 (2010) ........ 6

**State Statutes**

Cal. Lab. Code § 203 ........ 1, 2, 3

Cal. Lab. Code § 2699(a) ........ 6

**REPLY**

In an apparent attempt to distract and confuse the Court, Plaintiff Francisco Rodriguez's ("Plaintiff's") Opposition[1] is filled with red-herrings and misrepresentations of the agreement at-issue and applicable law. It is, however, the Opposition's silence that speaks volumes. By silence, the Opposition concedes each legal determination in Defendant Magnit F/K/A PRO Unlimited Inc.'s ("Magnit's") favor and demonstrates Magnit's Motions to Compel Plaintiff's Individual Claims to Arbitration and Dismiss Class Claims and Non-Individual PAGA Claims must be granted in their entirety.

To be clear, by not raising any rebuttal arguments in the Opposition, Plaintiff concedes the validity of Magnit's arguments on the merits with respect to the following: (1) The Arbitration Agreement the Parties entered into is valid and enforceable with respect to any claims between the Parties arising from Plaintiff's employment with Magnit or work that Plaintiff performed for Magnit's client Twitter; (2) Plaintiff's individual claims for alleged violations of the federal and California WARN Acts as well as his claim for failure to pay all wages and benefits upon termination must be compelled to arbitration; and (3) the remaining class claims must be dismissed due to the Arbitration Agreement's valid class action waiver.

Plaintiff's Opposition solely focuses on misguided and unpersuasive arguments to try and salvage his Private Attorneys General Act ("PAGA") claim. These arguments, however, are premised on misrepresentations of the terms of the Parties' Agreement as well as non-binding decisions that are inconsistent with (i) the plain text of the PAGA statute; (ii) principles of Due Process; and (iii) the U.S. Supreme Court's well-reasoned and binding decision in *Viking River Cruises v. Moriana*, 142 S. Ct. 1906 (2022).

For the reasons detailed below, dismissal of Plaintiff's non-individual PAGA claim is appropriate because once his individual PAGA claim is compelled to arbitration, Plaintiff may not pursue his non-

[1] On January 11, 2023, Magnit moved to compel arbitration on all three of Plaintiff's claims in the then operative complaint, which included claims for alleged violations of (i) the federal WARN ACT; (ii) the California WARN Act; and (iii) California Labor Code § 203. [Dkt. 26.] On February 8, 2023, Plaintiff filed his Opposition. [Dkt. 35.] The Parties later entered into a stipulation that allowed Plaintiff to file his First Amended Complaint solely to add a fourth claim under the PAGA. [Dkt. 38.] The Parties also agreed to file supplemental motions to compel arbitration and oppositions addressing the arbitrability of Plaintiff's PAGA claim. [*Id.*] This Reply addresses both Plaintiff's Opposition to Magnit's original Motion to Compel Arbitration [Dkt. 35] and Plaintiff's Opposition to Magnit's Supplemental Motion to Compel Arbitration of Plaintiff's Individual PAGA Claim [Dkt. 44], (collectively, "Opposition").

individual PAGA claim before this Court. If, however, the Court is not inclined to dismiss Plaintiff's non-individual PAGA claim, it should be stayed pursuant to the express terms of the Agreement.

## I. PLAINTIFF'S ARBITRATION AGREEMENT IS VALID AND ENFORCEABLE, AND REQUIRES ARBITRATION OF HIS INDIVIDUAL CLAIMS.

Plaintiff challenges the enforceability of the Arbitration Agreement on two bases only. First, Plaintiff argues that his PAGA claim is excluded from the Agreement's scope. Second, Plaintiff argues the Arbitration Agreement impermissibly prevents Plaintiff from pursuing any PAGA claim (i.e., a wholesale PAGA waiver). Each argument fails.

### A. Plaintiff Concedes That His WARN Act and Labor Code § 203 Claims Are Arbitrable and That His Putative Class Claims Must be Dismissed.

Magnit's Motion to Compel Arbitration established that Plaintiff entered into a valid and enforceable agreement that requires him to arbitrate all claims based on his employment relationship with Magnit on an individual basis. [Dkt. 26 at 3-6.] Plaintiff concedes as much by wholly failing to challenge the validity or enforceability of the Arbitration Agreement he signed.[2] Similarly, Plaintiff fails to even argue that the Arbitration Agreement's class action waiver is invalid or unenforceable. Indeed, Plaintiff's Opposition is almost exclusively focused on an issue that is irrelevant to his WARN Act and Labor Code § 203 claims – whether the Arbitration Agreement covers Plaintiff's PAGA claim. Simply said, Plaintiff's failure to even state a theory by which Plaintiff's Arbitration Agreement could be found unenforceable amounts to a concession that the Agreement must be enforced as a matter of law, as stated in Magnit's Motion to Compel Arbitration. For these reasons, this Court must compel Plaintiff's federal and California WARN Act claims and his Section 203 claim to individual arbitration.

Magnit's Motion also established that Plaintiff's putative class claims must be dismissed or stricken given the Arbitration Agreement's valid class action waiver. [Dkt. 26 at 9-10.] Again, Plaintiff offers no opposition – conceding the enforceability and application of the class waiver to his putative

---

[2] *See ABC Servs. Grp. v. Health Net of Cal., Inc.*, 2020 WL 2121372, at *18-19 (C.D. Cal. May, 4, 2020) ("Courts in this district, and many others, have found that a failure to address an argument in opposition briefing constitutes a concession of that argument."); *see also Johnson v. Macy*, 145 F. Supp. 3d 907, 918 (C.D. Cal. 2015) (plaintiff "tacitly concedes this claim by failing to address defendants' argument in her opposition.").

class claims. Thus, the Court must also dismiss Plaintiff's class action claims.

**B. Plaintiff's Individual PAGA Claim Must Also Be Compelled to Arbitration.**

Magnit's Motion also established that Plaintiff's individual PAGA claim is subject to mandatory arbitration. [Dkt. 42 at 2-8.] The Arbitration Agreement expressly covers "all claims or causes of action that the Employee may have against the Company or any of its clients for whom Employee performed work" including, but not limited to "claims for violation of any law, statute, regulation, ordinance or common law, including . . . the California Labor Code[.]" [Dkt. 42-1, Ex. A § 2.] This provision fully encompasses Plaintiff's PAGA claim premised on his employment with Magnit, the services that he provided to Magnit's client, Twitter, and the cessation of both those relationships. In fact, the very same considerations establishing the arbitrability of the WARN Act and § 203 claims (entirely unopposed by Plaintiff) apply to the entirely derivative PAGA claim. Moreover, and as the U.S. Supreme Court held in *Viking River*, Plaintiff's PAGA claim is divisible into its individual component that can be compelled to arbitration. [Dkt. 37 at 5-7.] Plaintiff offers two arguments in opposition. Both arguments fail.

**First**, Plaintiff attempts to evade this obligation by pointing to language in the Arbitration Agreement that states that it excludes "claims brought under the California's Private Attorneys General Act, to the extent required by governing law." [Dkt. 42-1, Ex. A § 3.] Plaintiff homes in on this language to claim erroneously that the Agreement does "not provide for Plaintiff's PAGA claim to be submitted to arbitration." [Dkt. 44 at 5:16-17.] The *Viking River* decision, however, clarified exactly what "to the extent required by law" means. The United States Supreme Court (notably, eight of the nine Justices) applied the FAA and PAGA, as well as long-standing Supreme Court precedent, in articulating what the law has always been. Simply, these Justices did not make new law that did not exist when the agreement was signed. They articulated what the law <u>had always been</u> based on the FAA. Indeed, "a judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312-313 (1994). *Viking River* is, therefore, a retroactive decision of what the law has always been, and is no less applicable to an arbitration agreement executed before its issuance. The U.S. Supreme Court explained that governing law requires the divisibility of Plaintiff's individual PAGA claim, which must be arbitrated pursuant to the Agreement. *See Valencia v. Mattress Firm, Inc.*, 2023 WL 2062951, at *4 (N.D. Cal. Feb.

16, 2023) ("[T]he Supreme Court did not change the law in *Viking River*. Rather, the Court interpreted existing statutes to find a conflict between the Federal Arbitration Act and the California rule at issue.").

Similarly, Plaintiff's argument that because the Class and Collective Action Waiver provision does not explicitly refer to PAGA such a claim is not covered under the Agreement lacks merit. The Class and Collective Action Waiver provides that "[t]he arbitrator may not consolidate more than one individual's claims, and **may not otherwise preside over any** form of . . . **representative proceeding**." [Dkt. 42-1, Ex. A § 4 (emphasis added).] This provision clearly applies to representative actions such as those authorized by PAGA. That the provision does not mention PAGA explicitly does not make it any less enforceable. *See Burger v. Northrop Grumman Sys. Corp.*, 2022 U.S. Dist. LEXIS 225548, at *3 (C.D. Cal. Dec. 13, 2022) (rejecting plaintiff's argument that an arbitration clause must contain an express PAGA waiver as "nonsensical" because "*Viking River* did not hold that an arbitration agreement must contain a PAGA waiver in order for individual PAGA claims to be arbitrated."). Thus, Plaintiff's individual PAGA claims are covered by the Arbitration Agreement and must be compelled to arbitration.

**Second**, Plaintiff obliquely argues that "the arbitration does not permit PAGA representative claims to be heard in arbitration" and is thus "tantamount to waiver." [Dkt. 44, at 6:16-21.] To support this erroneous contention, Plaintiff highlights the following language: "the arbitrator may not . . . preside over any form of a class, collective or representative proceeding . . . ." *Id*. Plaintiff disingenuously zeroes in on this language which, read in context, patently does not prevent Plaintiff from pursuing his individual PAGA claims. In fact, the full text of the sentence that Plaintiff selectively quotes provides that "[t]he arbitrator ***may not consolidate more than one individual's claims***, and may not otherwise preside over any form of a class, collective, or representative proceeding." [Dkt. 42-1, Ex. A § 4 (emphasis added).] Thus, while the arbitrator cannot preside over proceedings involving more than one person's claims, Plaintiff can and must raise his individual claims – including any individual PAGA claims – in arbitration.

For example, in *Valencia*, 2023 WL 2062951, at *3, the plaintiff argued that Mattress Firm's representative action waiver constituted a "wholesale waiver" of PAGA claims. The court observed that while "the agreement provides for the waiver of 'any right to bring claims as class, collective, or representative actions," the immediately preceding sentence, "[made] clear that '[a]ll claims covered by this Agreement are intended to be brought and resolved on an individual basis.'" *Id.* The court concluded

that "the agreement therefore allows plaintiff to raise the individual portion of her PAGA claim and does not operate as a wholesale waiver." *Id.*

As in *Valencia*, the Arbitration Agreement does not constitute a "waiver" of all PAGA claims, given that the Arbitration Agreement makes it clear that Plaintiff is not precluded from pursuing his individual PAGA claim in arbitration. Plaintiff's individual PAGA claim falls within the purview of the Parties' Agreement and thus the Court must compel Plaintiff's individual PAGA claim to arbitration.

## II. THE TEXT OF THE PAGA STATUTE, DUE PROCESS, AND CONTROLLING CASE LAW REQUIRE DISMISSAL OF PLAINTIFF'S NON-INDIVIDUAL PAGA CLAIM.

Magnit's Motion established that, once Plaintiff's individual PAGA claim is compelled to arbitration, the remining non-individual PAGA claim must be dismissed consistent with *Viking River*. [Dkt. 42 at 12-13.] Plaintiff attempts to distinguish *Viking River* by relying on "intervening California authority" that purportedly holds that a plaintiff may still pursue non-individual PAGA claims in court while his individual PAGA claim is compelled to arbitration. These state court and district court decisions, however, are not binding on this Court and are inconsistent with the plain language of the PAGA statute, Due Process, and the U.S. Supreme Court's well-reasoned decision in *Viking River.*

### A. Plaintiff's Non-Individual PAGA Claim Must Be Dismissed Because, As Held in *Viking River*, Plaintiff Cannot Pursue PAGA Claims in Two Fora.

*Viking River* confirms that once the Court compels Plaintiff's individual PAGA claim to arbitration, the Court must dismiss his non-individual PAGA claim for lack of standing. *See Viking River,* 142 S. Ct. at 1925. Plaintiff's challenge to the Supreme Court's conclusion in *Viking River* does not compel a different result. In *Viking River*, the U.S. Supreme Court explained that "PAGA provides no mechanism to enable a court to adjudicate non-individual PAGA claims once an individual claim has been committed to a separate proceeding" since "[u]nder PAGA's standing requirement, a plaintiff can maintain non-individual PAGA claims in an action only by virtue of also maintaining an individual claim in that action." *Id.* Thus, Plaintiff "lacks statutory standing to continue to maintain [his] non-individual claims in court," and so his claims must be dismissed. *Id*. Plaintiff's attempt to escape *Viking River*'s teaching and salvage his non-individual PAGA claims is easily refuted by (1) the express text of the statute, and (2) case law that concludes a plaintiff cannot pursue the same claim in two fora.

We start with the statute. A PAGA claim pursued in court must be brought by the named plaintiff "on behalf of himself or herself **and** other current or former employees." Cal. Lab. Code § 2699(a) (emph. added). That is the statute; that is the law. Indeed, multiple decisions so hold. *See, e.g.*, *Kim v. Reins Int'l Cal., Inc.*, 9 Cal. 5th 73, 88 (2020) (concluding PAGA claims can be pursued only by an aggrieved employee on his or her own behalf and on behalf of other aggrieved employees); *Robinson v. S. Ctys. Oil Co.*, 53 Cal. App. 5th 476, 484, (2020) (dismissing PAGA claim where plaintiff sought to recover civil penalties solely on behalf of others and not his own behalf after his individual PAGA claim had been resolved); *Reyes v. Macy's Inc.*, 202 Cal. App. 4th 1119, 1123 (2011) ("A plaintiff asserting a PAGA claim may not bring the claim simply on his or her own behalf but must bring it as a representative action and include 'other current or former employees.'"). Given the statute's clear and unambiguous use of "and," once Plaintiff's individual PAGA claim is compelled to arbitration, the plain text of statute forecloses his ability to pursue any non-individual PAGA claims.

Moreover, a plaintiff cannot pursue the same claim in two fora. Indeed, allowing a plaintiff to pursue the same claim in two fora would be a violation of Due Process. *See Montana v. United States*, 440 U.S. 147, 153-154 (1979) ("a right, question or fact distinctly put in issue and directly determined . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . . To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.").[3]

Once Plaintiff's individual PAGA claim is severed from his non-individual PAGA claim – as it must be per *Viking River* – what was once a single action becomes two distinct actions with consequent separate judgments. Given this, and exactly as the U.S. Supreme Court ordered in *Viking River* – the non-individual PAGA claim cannot also be pursued in court while the individual PAGA claim proceeds in arbitration, as to do so would violate Due Process. *See e.g.*, *Montana, supra*; *Villacres, supra*; *Robinson,*

---

[3] *See also Villacres v. ABM Indus. Inc*. 189 Cal. App. 4th 562, 575 (2010) ("Under the doctrine of [claim preclusion], a valid, final judgment on the merits is a bar to a subsequent action by parties or their privies on the same cause of action"; applying this doctrine to PAGA claims); *Robinson v. S. Counties Oil Co.*, 53 Cal. App. 5th 476, 481 (2020) ("The claim preclusion doctrine … prohibits a second suit between the same parties on the same cause of action.").

*supra.* And to attempt to pursue the PAGA claim in court, but without the individual PAGA claim, would violate the Legislature's plain standing requirement written directly into the statute. While the Legislature might re-write the statute in that regard, it has not done so, and no court should amend the statute for the Legislature. Thus, as the Supreme Court held, and under basic notions of Due Process, once the individual PAGA claim is ordered to arbitration, the remaining non-individual PAGA claim *must* be dismissed.

**B. The California Supreme Court's Decision In *Kim v. Reins* Does Not Support Plaintiff's Attempt to Evade the Holding of *Viking River*.**

Plaintiff attempts to circumvent the holding of *Viking River* with case law that misapplies the California Supreme Court's decision in *Kim v. Reins Int'l Cal., Inc.*, 9 Cal. 5th 73 (2020). Plaintiff relies on the California Court of Appeal decisions in *Galarsa v. Dolgen Cal., LLC*, 305 Cal. Rptr. 3d 15 (2023) and *Piplack v. In-N-Out Burger*, No. G061098, 2023 WL 2384502 (Cal. Ct. App. Mar. 7, 2023) to conclude the decision in *Viking River* is inconsistent with *Kim* (even though the *Viking* decision repeatedly cited *Kim* with approval). This is simply not the case and *Kim* in no way supports Plaintiff's contention.

In *Kim*, the employee settled individual underlying Labor Code Claims (e.g., meal, rest, etc.), separate from claims to recover penalties under PAGA. *Kim*, 9 Cal. 5th at 82. Those Labor Code claims were not the same as a PAGA claim, which is "legally and conceptually different from an employee's own suit for damages and statutory penalties." *Johnson v. Maxim Healthcare Servs.*, 66 Cal. App. 5th 924, 928 (2021). The decision in *Kim* merely holds that when a plaintiff settles different claims seeking recovery under a different statute and seeking a different recovery (e.g., unpaid wages, statutory penalties), the plaintiff is not thereafter precluded from pursuing claims under a different statute (PAGA) and seeking a distinct recovery (civil penalties) in court. *Kim,* 9 Cal. 5th at 86-87.

Thus, *Kim*'s holding is limited to the standing requirement that one be an "aggrieved employee" and the impact that resolution of non-PAGA Labor Code claims has on aggrieved status. The situation in *Kim* is in no way the situation *Viking River* addressed and at issue in this case. Here, Plaintiff seeks to pursue a PAGA claim on his own behalf (that must be ordered to separate arbitration), and then pursue a PAGA claim again on behalf others in court. It has nothing to do with the second component of PAGA standing – the requirement that a claim be brought on behalf of the plaintiff and other current or former

employees. As discussed above, Plaintiff cannot – both as a matter of statutory standing and Constitutional law – bring a PAGA action twice (once in arbitration and then in court). And to the extent that he seeks to pursue the second suit *not* "on behalf of himself" he runs directly afoul of the statute.

Nor can it be claimed that the Supreme Court in *Viking River* was not mindful of *Kim*, or even concluded that its holding contradicted *Kim*. Quite the contrary, the Supreme Court in *Viking River* favorably cited *Kim* for its actual holding that "PAGA's standing requirement was meant to be a departure from the 'general public'. . . standing originally allowed under other California statutes." *Viking River*, 142 S. Ct. at 1925 (citing *Kim,* 9 Cal. 5th at 90). In *Kim*, the plaintiff did sue on his own behalf and others in the subsequent PAGA action, and was allowed to do so, because the plaintiff had not brought or settled his individual PAGA claim. In fact, the individual settlement the *Kim* plaintiff entered specifically carved out of the settlement his PAGA claim. *Kim*, 9 Cal. 5th at 93 n. 7. But here, Plaintiff's individual PAGA claim must be compelled to arbitration. This critical separation of Plaintiff's individual PAGA claim bars Plaintiff from pursuing any non-individual PAGA action in court.

**C. Plaintiff's Cited Authorities Do Not Support His Position.**

Plaintiff mistakenly concludes that this Court must follow two California Court of Appeal decisions that establish "intervening California authority" that, according to Plaintiff, allow him to pursue a non-individual PAGA claim in court even after his individual PAGA claim is compelled to arbitration. [Dkt. 44, at pp. 11:16-17.] But the *Galarsa* and *Piplack* decisions merely highlight that California's intermediate courts disagree about how to harmonize *Viking River* and California law.

This Court, however, is not bound by California Court of Appeal decisions that do not conclusively decide unresolved issues of state law. "Federal courts in the Ninth Circuit are 'bound only by the decisions of a state's highest court and not by decisions of the state's intermediate appellate court when considering state-law issues sitting in diversity jurisdiction.'" *Harper v. Charter Commc'ns*, LLC, 2021 WL 5602532, at *2 (E.D. Cal. Nov. 30, 2021) (quoting *In re NCAA Student-Athlete Name & Likeness Litig*., 724 F.3d 1268, 1278 (9th Cir. 2013) (emphasis added)); *see also DW Aina Le'a Dev., LLC v. State of Haw. Land Use Comm'n*, 918 F.3d 602, 607 (9th Cir. 2019) ("[W]e are not bound by decisions of a state's intermediate appellate court when deciding an unresolved issue of state law."). This Court is, therefore, not bound by the California Court of Appeal decisions in *Galarsa* and *Piplack* and

should not countenance an interpretation of California state law plainly at odds with an interpretation set forth recently by the U.S. Supreme Court in *Viking River*. *See Johnson v. Lowe's Home Ctrs, LLC*, 2022 WL 4387796, at *4 (E.D. Cal. Sep. 22, 2022) (dismissing non-individual PAGA claims).

In any event, the persuasive value that Plaintiff assigns to *Piplack* and *Galarsa* is misplaced. Indeed, and as Plaintiff noted in his Opposition, the *Piplack* court held that "absent some means of harmonizing *Viking River* with *Kim*, we must follow *Kim*." *Piplack*, 2023 WL 2384502, at *7. But the court reached this conclusion on the basis of stare decisis, concluding that it was "was bound to follow *Viking* on FAA preemption and *Kim* on PAGA." *Id.* Put differently, because resolution of the *Piplack* case turned on state law, the court followed prior inapposite decisions of the California Supreme Court rather than the more well-reasoned and on point U.S. Supreme Court decision in *Viking River*.

Similarly, the *Galarsa* court rendered its "predictions" on how the California Supreme Court would eventually rule on the issue of whether a plaintiff can pursue his non-individual claims in court once the individual PAGA claims are ordered to arbitration. *Galarsa*, 305 Cal. Rptr. 3d at 26. According to the *Galarsa* court, one reason for its "prediction" that the California Supreme Court would not follow *Viking River* is "simple – it is the best interpretation of PAGA that best effectuates the statute's purpose, which is to ensure effective code enforcement." *Id.* An attempt to effect the presumed goals of a statute, however well-intended, cannot circumvent its plain language. *See Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1725 (2017) ("[W]e will not presume with petitioners that any result consistent with their account of the statute's overarching goal must be the law but will presume more modestly instead "that [the] legislature says . . . what it means and means . . . what it says.") (citing *Dodd v. United States*, 545 U.S. 353, 357 (2005)); *Fitch v. Select Products Co.*, 36 Cal. 4th 812, 817 (2005) ("If the plain, commonsense meaning of a statute's words is unambiguous, the plain meaning controls."). Moreover, these "predictions" are not binding statements of law that should dissuade this Court from following *Viking River* and misapply the reasoning of *Kim* as discussed above[4].

---

[4] Plaintiff's reliance on the non-binding district court opinion in *Shams v. Revature LLC*, 2022 WL 3453068, at *3 (N.D. Cal. Aug. 17, 2022) is equally misplaced. To start, nowhere in the *Shams* decision does the court hold, as Plaintiff contends, that "the fact *Viking River* now requires certain employees who have signed arbitration agreements to pursue their PAGA claims in two different forums should have no effect on a plaintiff's statutory standing as an 'aggrieved employee.'" [Dkt. 44, at 8:17-20.] This is not the law and such conclusion is nowhere to be found in the *Shams* decision as evidenced by the fact Plaintiff

This Court should be guided by the holding of *Viking River* that concludes "PAGA provides no mechanism to enable a court to adjudicate non-individual PAGA claims once an individual claim has been committed to a separate proceeding." *Viking River*, 142 S. Ct. at 1913. This holding is correct given (1) the express text of the PAGA statute and (2) case law holding that a plaintiff cannot pursue the same claim in two forums. Plaintiff's misreading of *Kim v. Reins* and reliance on non-binding court decisions do not change the outcome: Plaintiff's non-individual PAGA claims must be dismissed.

## III. IF THE COURT IS NOT INCLINED TO DISMISS PLAINTIFF'S REPRESENTATIVE PAGA CLAIM, IT SHOULD BE STAYED.

As outlined above, once Plaintiff's individual claims are compelled to arbitration, the Court should dismiss all putative class and representative PAGA claims. If, however, the Court is not inclined to dismiss Plaintiff's representative PAGA claim, it should be stayed as required by the Agreement:

> In the event it is determined that a dispute between the Parties involves both arbitrable and non-arbitrable claims (any claim required to be resolved in court as opposed to arbitration), the Parties agree that any arbitrable claims shall be resolved first and that any non-arbitrable claim(s) shall be stayed pending resolution of the arbitrable claim(s).

[Dkt. 42-1, § 4.] The Parties' Arbitration Agreement precludes Plaintiff's representative PAGA claim from proceeding concurrently with his arbitrable claims. Should the Court decline to dismiss the entirety of this action, the Arbitration Agreement requires a stay of any remaining component.

## IV. CONCLUSION

Accordingly, and for all these reasons, Magnit requests that the Court compel Plaintiff's individual claims to arbitration, and dismiss the balance of this Action.

Dated: March 28, 2023 GREENBERG TRAURIG, LLP

By: /s/ Ashley Farrell Pickett
Ashley Farrell Pickett
Attorney for Defendant
MAGNIT, LLC F/K/A PRO UNLIMITED, INC.

---

does not provide any cite to this unsupportable conclusion. In any event, other district courts have reached the opposite (and correct) conclusion that *Viking River* compels the dismissal of any non-individual claims. *See Hansber v. Ulta Beauty Cosmetics, LLC*, 2022 WL 16836627, at *7 (E.D. Cal. Nov. 9, 2022) (applying *Viking River* and dismissing remaining non-individual PAGA claim given plaintiffs lacked statutory standing once their individual PAGA claims were compelled to arbitration).