MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCISCO RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWITTER, INC. and PRO UNLIMITED, INC.,<br><br>Defendants. | Case No. 3:22-cv-07222-JD<br><br>**DEFENDANT TWITTER, INC.'S REPLY IN SUPPORT OF SUPPLEMENTAL MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S INDIVIDUAL PAGA CLAIM AND DISMISS PLAINTIFF'S REPRESENTATIVE PAGA CLAIM**<br><br>Date:   April 6, 2023<br>Time:   10 a.m.<br>Judge:   Honorable James Donato |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ..................................................................................................................... 2

    A. Plaintiff Concedes Enforceability of the Arbitration Agreement. ......................... 2

    B. Plaintiff's Individual PAGA Claim Must Be Compelled to Arbitration. ............... 3

    C. Plaintiff's Non-Individual/Representative PAGA Claim Must Be Dismissed. ................................................................................................................ 4

        1. Plaintiff Lacks Standing Under Viking River. ........................................... 4

        2. The California Supreme Court's Decision in Kim v. Reins Int'l California, Inc. Does Not Change This Result. ............................................ 5

        3. Plaintiff's Cited Authorities Do Not Compel a Different Result. ............... 6

    D. At a Minimum, This Court Must Stay Plaintiff's Non-Individual PAGA Claims Pending Arbitration of His Individual PAGA Claim. ................................ 9

    E. Plaintiff's Inappropriate References to Unrelated, Separately Pending Arbitration Proceedings Should Be Disregarded. .................................................. 9

III. CONCLUSION ................................................................................................................ 10

-i-

TWITTER'S REPLY IN SUPPORT OF SUPP.
MTC ARBITRATION RE: PAGA CLAIM
CASE NO. 4:22-CV-07222-JD

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ABC Servs. Grp. v. Health Net. of Cal., Inc.*,
 No. SA CV 19-00243-DOC-DFM, 2020 WL 2121372 (C.D. Cal. May, 4, 2020) .................................................................................................................... 2

*Adolph v. Uber Technologies, Inc.*,
 No. G059860, 2022 WL 1073583 (Cal. Ct. App., Apr. 11, 2022), review granted (Cal. July 20, 2022) ................................................................................ 6, 9

*Ardente, Inc. v. Shanley*,
 No. C 07-4479 MHP, 2010 WL 546485 (N.D. Cal. Feb. 10, 2010) ...................... 2

*Arizona Elec. Power Co-op, Inc., v. Berkley*,
 59 F.3d 988 (9th Cir. 1995) ................................................................................... 6

*Callahan v. Paychex North America Inc.*,
 No. 21-CV-05670-CRB, 2022 WL 11902205 (N.D. Cal. Oct. 20, 2022) .......... 2, 8

*Camreta v. Green*,
 563 U.S. 692 (2011) .............................................................................................. 8

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
 207 F.3d 1126 (9th Cir. 2000) ............................................................................... 1

*Conservation Force v. Salazar*,
 677 F.Supp.2d 1203 (N.D. Cal. 2009), *aff'd*, 646 F.3d 1240 (9th Cir. 2011) ........ 2

*Dimidowich v. Bell & Howell*,
 803 F.2d 1473 (9th Cir. 1986) ............................................................................... 6

*Dominguez v. Sonesta Int'l Hotels Corp.*,
 No. 22-CV-03027-JCS, 2023 WL 25707 (N.D. Cal. Jan. 3, 2023) ....................... 9

*DW Aina Le'a Dev., LLC v. State of Haw. Land Use Comm'n*,
 918 F.3d 602 (9th Cir. 2019) ................................................................................. 6

*Galarsa v. Dolgen California, LLC*,
 88 Cal. App. 5th 639, 305 Cal. Rptr. 3d 15 (2023) ........................................... 7, 8

*Hadley v. Kellogg Sales Co.*,
 243 F. Supp. 3d 1074 (N.D. Cal. 2017) ................................................................ 2

*Hansber v. Ulta Beauty Cosmetics, LLC*,
 No. 121CV00022AWICDB, 2022 WL 15836627 (E.D. Cal. Nov. 9, 2022) .... 2, 8

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

TWITTER'S REPLY IN SUPPORT OF SUPP.
MTC ARBITRATION RE: PAGA CLAIM
CASE NO. 4:22-CV-07222-JD

*Hart v. Massanari*,
    266 F.3d 1155 (9th Cir. 2001) .................................................................................................. 6

*Henson v. Santander Consumer USA Inc.*,
    137 S. Ct. 1718 (2017) ........................................................................................................... 7

*Huell v. Bevmo Holdings, LLC, et al.*,
    No. 22CV01394WBSAC, 2023 WL 1823611 (E.D. Cal. Feb. 8, 2023) .............................. 2, 8

*Johnson v. Lowes Home Centers LLC*,
    No. 221CV00087TLNJDP, 2022 WL 4387796 (E.D. Cal. Sept. 22, 2022) ......................... 2, 8

*Johnson v. Macy*,
    145 F. Supp. 3d 907 (C.D. Cal. 2015) .................................................................................... 3

*Johnson v. Maxim Healthcare Servs.*,
    66 Cal. App. 5th 924 (2021) ................................................................................................... 6

*Kim v. Reins Int'l Cal., Inc.*,
    9 Cal. 5th 73 (2020) ..................................................................................................... 4, 5, 6, 7

*Marchese v. Shearson Hayden Stone, Inc.*,
    734 F.2d 414 (9th Cir. 1984), *aff'd* 822 F.2d 876 (1987) ....................................................... 3

*Martinez-Gonzalez v. Elkhorn Packing Co., LLC*,
    --- F.Supp.3d ---, 2022 WL 10586178 (N.D. Cal. Oct. 18, 2022) ......................................... 9

*Montana v. United States*,
    440 U.S. 147 (1979) ................................................................................................................ 5

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*,
    460 U.S. 1 (1983) .................................................................................................................... 4

*Piplack v. In-N-Out Burgers*,
    --- Cal. Rptr. 3d ---, 2023 WL 2384502 (March 7, 2023) ...................................................... 7

*Radcliff v. San Diego Gas & Electric Company*,
    No. 20CV1555HMSB, 2022 WL 4229305 (S.D. Cal. Sept. 12, 2022) ............................... 2, 8

*Reyes v. Macy's Inc.*,
    202 Cal. App. 4th 1119 (2011) ................................................................................................ 5

*Reyes v. SN SoCal, LLC*,
    No. 22STCV03511, 2022 Cal. Super. LEXIS 84036 (L.A. Sup. Ct. Dec. 5,
    2022) ....................................................................................................................................... 3

*Robinson v. S. Ctys. Oil Co.*,
    53 Cal. App. 5th 476 (2020) .................................................................................................... 5

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

iii

TWITTER'S REPLY IN SUPPORT OF SUPP.
MTC ARBITRATION RE: PAGA CLAIM
CASE NO. 4:22-CV-07222-JD

*Rodriguez de Quijas v. Shearson/Am. Express, Inc.*,
  490 U.S. 477 (1989) .................................................................................................... 8

*Shams v. Revature LLC*,
  --- F. Supp. 3d ---, 2022 WL 3453068 (N.D. Cal. Aug. 17, 2022) ............................ 8

*Tatum v. Schwartz*,
  No. S-06-01440 DFL EFB, 2007 U.S. Dist. LEXIS 10225, 2007 WL 419463
  (E.D. Cal. Feb. 5, 2007) ............................................................................................. 3

*United States v. Weiland*,
  420 F.3d 1062 (9th Cir. 2005) .................................................................................... 8

*Viking River Cruises, Inc. v. Moriana*,
  142 S.Ct. 1906 (2022) ...................................................................................... *passim*

*Villacres v. ABM Indus. Inc.*,
  189 Cal. App. 4th 562 (2010) ..................................................................................... 5

*Ziober v. BLB Res., Inc.*,
  839 F.3d 814 (9th Cir. 2016) ...................................................................................... 9

**Statutes**

Cal. Code of Civ. Proc. § 1281.97 ...................................................................................... 10

Cal. Lab. Code § 2699(a) .......................................................................................... 4, 7, 8

FAA § 3 .................................................................................................................................. 9

Federal Arbitration Act ........................................................................................................ 1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

TWITTER'S REPLY IN SUPPORT OF SUPP.
MTC ARBITRATION RE: PAGA CLAIM
CASE NO. 4:22-CV-07222-JD

## I. INTRODUCTION

Plaintiff does not dispute that the Federal Arbitration Act governs here and therefore this Court must answer two questions: (1) does a valid arbitration agreement exist; and, if it does, (2) does the agreement encompass the dispute or claims at issue? *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). Here, Plaintiff does not dispute that he is subject to a valid and enforceable arbitration agreement with Defendant PRO Unlimited, Inc. dba Magnit ("Magnit"), nor does he dispute that Defendant Twitter, Inc. ("Twitter") may enforce the arbitration agreement as an express third-party beneficiary. As a result, the only question for this Court to decide is whether the agreement encompasses his PAGA claim.

Here, the plain language of the agreement makes clear that Plaintiff must arbitrate "claims for violation of any law, statute, regulation, ordinance or common law, including . . . the California Labor Code[.]" Plaintiff's individual PAGA claim is predicated on alleged violations of *the California Labor Code* and thus falls within the scope of arbitrable claims. While the agreement contains language excluding PAGA claims from arbitrability, such exclusion applies only "to the extent required by law." This limiting language is the key to resolving Defendant's Motion and requires an examination of the applicable law. That law is found in the United States Supreme Court decision in *Viking River Cruises, Inc. v. Moriana*, 142 S.Ct. 1906 (2022), which explained that a PAGA claim consists of an individual component and a representative component and that the individual PAGA claim may be compelled to arbitration. As a result, Plaintiff's individual PAGA claim is subject to arbitration pursuant to the terms of his agreement.

Because Plaintiff's individual PAGA claim must be compelled to arbitration, the Court separately must address the non-individual/representative PAGA claim. The Supreme Court in *Viking River* also addressed that issue, holding that a representative PAGA claim must be dismissed because the plaintiff lacks standing to maintain such claim after the individual PAGA claim has been compelled to arbitration. *Viking River*, 142 S.Ct. at 1925. Plaintiff wants this Court to disregard *Viking River* and instead follow contrary California appellate court and federal district court decisions. Defendant contends that this Court cannot disregard *Viking River's* holding based on non-binding California state court decisions, and instead should join the better-

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

1

TWITTER'S REPLY IN SUPPORT OF SUPP.
MTC ARBITRATION RE: PAGA CLAIM
CASE NO. 4:22-CV-07222-JD

reasoned decisions of the several federal district courts that have followed *Viking River* and dismissed the non-individual/ representative PAGA claim. *See Callahan v. Paychex North America Inc.*, No. 21-CV-05670-CRB, 2022 WL 11902205, at *4 (N.D. Cal. Oct. 20, 2022); *Hansber v. Ulta Beauty Cosmetics, LLC*, No. 121CV00022AWICDB, 2022 WL 15836627, at *7 (E.D. Cal. Nov. 9, 2022); *Johnson v. Lowes Home Centers LLC*, No. 221CV00087TLNJDP, 2022 WL 4387796, at *4 (E.D. Cal. Sept. 22, 2022); *Huell v. Bevmo Holdings, LLC, et al.*, No. 22CV01394WBSAC, 2023 WL 1823611, at *1 (E.D. Cal. Feb. 8, 2023); *Radcliff v. San Diego Gas & Electric Company*, No. 20CV1555HMSB, 2022 WL 4229305, at *4 (S.D. Cal. Sept. 12, 2022). This Court should compel Plaintiff to submit his claims, including his individual PAGA claim, to arbitration on an individual basis and dismiss his non-individual/representative PAGA claim based on his lack of standing to maintain such claim, as required under *Viking River*.

## II.   ARGUMENT

### A.   Plaintiff Concedes Enforceability of the Arbitration Agreement.

Plaintiff does not dispute that he is subject to a valid and enforceable arbitration agreement with Defendant Magnit, nor does he dispute that Defendant Twitter may enforce the arbitration agreement as an express third-party beneficiary or that the putative class claims must be dismissed or stricken based on the class action waiver in the agreement. Indeed, Plaintiff failed to address these issues at all in his opposition briefings (*see, e.g.*, ECF Nos. 35 and 44), thus conceding that (1) the agreement is valid and enforceable, (2) Twitter may enforce it as a third-party beneficiary, and (3) the putative class claims must be dismissed. *See Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1100 (N.D. Cal. 2017) (citing *Conservation Force v. Salazar*, 677 F.Supp.2d 1203, 1211 (N.D. Cal. 2009), *aff'd*, 646 F.3d 1240 (9th Cir. 2011)) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived."); *Ardente, Inc. v. Shanley*, No. C 07-4479 MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 10, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence"); *ABC Servs. Grp. v. Health Net. of Cal., Inc.*, No. SA CV 19-00243-DOC-DFM, 2020 WL 2121372, at *18-19 (C.D. Cal. May, 4, 2020) ("Courts in this district, and many others, have found that a failure to address an argument in opposition briefing constitutes a concession of that

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TWITTER'S REPLY IN SUPPORT OF SUPP.
MTC ARBITRATION RE: PAGA CLAIM
CASE NO. 4:22-CV-07222-JD

1  argument."); *see also Johnson v. Macy*, 145 F. Supp. 3d 907, 918 (C.D. Cal. 2015) (citing *Tatum*

2  *v. Schwartz*, No. S-06-01440 DFL EFB, 2007 U.S. Dist. LEXIS 10225, 2007 WL 419463, at *3

3  (E.D. Cal. Feb. 5, 2007)) (a plaintiff "tacitly concedes this claim by failing to address defendants'

4  argument in her opposition").

### B.  Plaintiff's Individual PAGA Claim Must Be Compelled to Arbitration.

Plaintiff misinterprets the terms of his arbitration agreement when arguing that his individual PAGA claim should remain in court. First, he points to the PAGA-exclusion language in the agreement, yet glosses over the language that limits such exclusion only "*to the extent required by law*." See ECF No. 26-1, § 3 (emphasis). *Viking River* clarified what "to the extent required by law" means under the FAA, specifically, that an individual PAGA claim *is arbitrable* under the FAA. *Viking River*, 142 S.Ct. at 1925. As a result, the PAGA-exclusion language does not apply to Plaintiff's individual PAGA claim. *See Reyes v. SN SoCal, LLC*, No. 22STCV03511, 2022 Cal. Super. LEXIS 84036, at *3-4 (L.A. Sup. Ct. Dec. 5, 2022) (concluding that PAGA-exclusion language in an arbitration agreement was implemented "to the extent required by applicable law" and, as such, an individual PAGA claim was arbitrable post-*Viking River*). Plaintiff argues that omitting the word "PAGA" from Section 2 of the agreement (entitled "Claims Covered by this Agreement") is evidence the parties did not "affirmatively agree[] to arbitrate PAGA claims in the first place." Opp., 6:3-4. Such argument does not persuade given the strong FAA policy in favor of arbitration, which requires arbitration of a claim "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Marchese v. Shearson Hayden Stone, Inc.*, 734 F.2d 414, 419 (9th Cir. 1984), *aff'd* 822 F.2d 876 (1987). Here, Plaintiff agreed to arbitrate "all claims or causes of action that the Employee may have against the Company or any of its clients for whom Employee performed work," including, but not limited to "claims for violation of any law, statute, regulation, ordinance or common law, including . . . the California Labor Code[.]" ECF No. 26-1 § 2. Plaintiff's individual PAGA claim is based upon alleged violations of the Labor Code. Labor Code violations are expressly mentioned in Section 2 of the agreement, thus Plaintiff's individual PAGA claim is a "Claim Covered by this Agreement." In addition, the Class and

1  Collective Action Waiver in the agreement provides that "[t]he arbitrator may not consolidate
2  more than one individual's claims, and may not otherwise preside over any form of . . .
3  representative proceeding." ECF No. 26-1 § 4.  Though this provision does not explicitly
4  mention PAGA, it clearly applies to "representative proceedings," which includes representative
5  PAGA claims.  The plain language of the arbitration agreement therefore encompasses a PAGA
6  claim.  To the extent this Court were to find any ambiguity exists as to whether Plaintiff's
7  individual PAGA claim should be arbitrated, "any doubts concerning the scope of arbitrable
8  issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Const.*
9  *Corp.*, 460 U.S. 1, 24 (1983).

### C. Plaintiff's Non-Individual/Representative PAGA Claim Must Be Dismissed.

#### 1. Plaintiff Lacks Standing Under *Viking River*.

Plaintiff argues that his "representative claim [] cannot be compelled to arbitration because that would not be allowed by governing law." Opp., 6:16-17.  Twitter does not seek to arbitrate the representative PAGA claim (which is not permitted under the agreement); Twitter seeks to dismiss the representative PAGA claim consistent with *Viking River*, which compels dismissal of a non-individual PAGA claim based on lack of standing.  *See Viking River*, 142 S. Ct. at 1925 (stating an employee "lack[s] statutory standing to continue to maintain her non-individual claims in court, and the correct course was to dismiss her remaining claims").  In *Viking River*, the Supreme Court explained that "PAGA provides no mechanism to enable a court to adjudicate non-individual PAGA claims once an individual claim has been committed to a separate proceeding" since "[u]nder PAGA's standing requirement, a plaintiff can maintain non-individual PAGA claims in an action only by virtue of also maintaining an individual claim in that action." *Id*.  Thus, a plaintiff "lacks statutory standing to continue to maintain [his] non-individual claims in court," and "the correct course [is] to dismiss [his] remaining claims." *Id*.

The holding in *Viking River* is consistent with the plain language of the PAGA statute.  A plaintiff must bring a PAGA claim "on behalf of himself or herself and other current or former employees."  *See* Cal. Lab. Code § 2699(a); s*ee also Kim v. Reins Int'l Cal., Inc.*, 9 Cal. 5th 73, 88 (2020) (concluding PAGA claims can be pursued only by an aggrieved employee on his or her

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

TWITTER'S REPLY IN SUPPORT OF SUPP.
MTC ARBITRATION RE: PAGA CLAIM
CASE NO. 4:22-CV-07222-JD

own behalf and on behalf of other aggrieved employees); *Robinson v. S. Ctys. Oil Co.*, 53 Cal. App. 5th 476, 484, (2020) (dismissing PAGA claim where plaintiff sought to recover civil penalties solely on behalf of others and not his own behalf after his individual PAGA claim had been resolved); *Reyes v. Macy's Inc.*, 202 Cal. App. 4th 1119, 1123 (2011) ("A plaintiff asserting a PAGA claim may not bring the claim simply on his or her own behalf but must bring it as a representative action and include 'other current or former employees'"). Given the statute's use of the conjunctive word "and," after an individual PAGA claim is compelled to arbitration, the statutory language forecloses a plaintiff's ability to pursue any non-individual PAGA claims.

The *Viking River* decision is also consistent with due process requirements that prohibit a plaintiff from pursuing the same claim in two different forums. *See Montana v. United States*, 440 U.S. 147, 153-154 (1979) ("a right, question or fact distinctly put in issue and directly determined … cannot be disputed in a subsequent suit between the same parties or their privies ... To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions"); *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 575 (2010) (applying the doctrine of claim preclusion to a PAGA-only lawsuit following a settlement in a separate lawsuit alleging Labor Code violations upon which the PAGA claim was predicated); *Robinson v. S. Counties Oil Co.*, 53 Cal. App. 5th 476, 481 (2020) (same).

Once Plaintiff's individual PAGA claim is severed from his non-individual PAGA claim—as it must be pursuant to *Viking River*—his PAGA claim is split into two distinct actions. Allowing Plaintiff's individual and non-individual PAGA claims to proceed in two separate forums would violate both the plain language of the PAGA statute's standing requirements and due process. Accordingly, this Court must dismiss Plaintiff's non-individual PAGA claim.

    **2. The California Supreme Court's Decision in *Kim v. Reins Int'l California, Inc.* Does Not Change This Result.**

Despite Plaintiff's arguments to the contrary, the California Supreme Court's decision in *Kim v. Reins Int'l Cal., Inc.*, 9 Cal. 5th 73 (2020) is not inconsistent with *Viking River*. *Kim*

addressed an entirely different issue. In *Kim*, the plaintiff settled his underlying Labor Code Claims but *not* his claim for PAGA penalties. *Id.* at 82. *Kim* ultimately determined that a plaintiff is not precluded from pursuing a PAGA claim following his settlement of the individual Labor Code claims upon which his PAGA claim is premised. *Kim*, 9 Cal. 5th at 86-87. This is because a PAGA claim is "legally and conceptually different from an employee's own suit for damages and statutory penalties." *Johnson v. Maxim Healthcare Servs.*, 66 Cal. App. 5th 924, 928 (2021). *Kim* only really addressed the impact of settling non-PAGA Labor Code claims on "aggrieved employee" status for purposes of PAGA standing. *Kim* did not address how an employee's attempt to pursue a PAGA claim in two different forums would impact the PAGA statute's standing requirements.

### 3. Plaintiff's Cited Authorities Do Not Compel a Different Result.

Although Plaintiff urges this Court to ignore the holding in *Viking River*, this Court has no discretion to do so:

> A district judge may not respectfully (or disrespectfully) disagree with his learned colleagues on his own court of appeals who have ruled on a controlling legal issue, or with Supreme Court Justices writing for a majority of the Court. Binding authority within this regime cannot be considered and cast aside; it is not merely evidence of what the law is. Rather, caselaw on point is the law. If a court must decide an issue governed by a prior opinion that constitutes binding authority, the later court is bound to reach the same result, even if it considers the rule unwise or incorrect. Binding authority must be followed unless and until overruled by a body competent to do so.

*Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001).

This Court is not bound to follow California Court of Appeal decisions. *Arizona Elec. Power Co-op, Inc., v. Berkley*, 59 F.3d 988, 991 (9th Cir. 1995) ("[w]hen interpreting state law, federal courts are bound by decisions of the state's *highest* court) (emphasis); *see also Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986) (holding same); *see also DW Aina Le'a Dev., LLC v. State of Haw. Land Use Comm'n*, 918 F.3d 602, 607 (9th Cir. 2019) ("we are not bound by decisions of a state's intermediate appellate court when deciding an unresolved issue of state law"). Because the California Supreme Court has not yet ruled in *Adolph v. Uber Technologies, Inc.*, No. G059860, 2022 WL 1073583 (Cal. Ct. App., Apr. 11, 2022), review granted (Cal. July 20, 2022), this Court is compelled to follow *Viking River* and it is not permitted

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

TWITTER'S REPLY IN SUPPORT OF SUPP.
MTC ARBITRATION RE: PAGA CLAIM
CASE NO. 4:22-CV-07222-JD

1  to substitute its own (or Plaintiff's) interpretation of California state law in place of the United
2  States Supreme Court.

3  Plaintiff assigns unjustified persuasive value to *Piplack* and *Galarsa*. The *Piplack* court
4  reasoned (incorrectly) that "absent some means of harmonizing *Viking River* with *Kim*, we must
5  follow *Kim*." *Piplack v. In-N-Out Burgers*, --- Cal. Rptr. 3d ---, 2023 WL 2384502, at *7 (March
6  7, 2023). As described *supra*, however, *Kim* did not address the specific situation at issue in
7  *Viking River* (and in the present case) and thus did not need to be "harmonized"; as a result,
8  *Piplack*'s reliance on *Kim* was misplaced. Also, this Court is not bound to follow *Piplack* and, in
9  any event, should not follow it given its flawed reasoning and failure to adhere to *Viking River*.
10 In the *Galarsa*, the Court of Appeal "predicted" how the California Supreme Court would rule on
11 the question of whether a plaintiff can pursue representative PAGA claims in court after the
12 individual PAGA claims were ordered to arbitration. *Galarsa v. Dolgen California, LLC*, 88 Cal.
13 App. 5th 639, 305 Cal. Rptr. 3d 15, 26 (2023), as modified on denial of reh'g (Feb. 24, 2023),
14 review filed (Mar. 13, 2023). However, this "prediction" is based on flawed rationale. First,
15 *Galarsa* reasoned that allowing a non-individual PAGA claim to proceed after an individual
16 PAGA claim is compelled to arbitration "is the best interpretation of PAGA that best effectuates
17 the statute's purpose, which is to ensure effective code enforcement." *Id.* But the *Galarsa* court
18 cannot circumvent the plain language of the PAGA statute by attempting to interpret what it
19 presumes to be the goal of the statute. *See* Cal. Lab. Code § 2699(a); *see also Henson v.*
20 *Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1725 (2017) ("[W]e will not presume with
21 petitioners that any result consistent with their account of the statute's overarching goal must be
22 the law but will presume more modestly instead "that [the] legislature says . . . what it means and
23 means . . . what it says") (citations omitted). Second, the *Galarsa* court reasoned that individual
24 and non-individual PAGA claims "are not based on the same primary right" because an
25 "[individual PAGA] claim is based on Labor Code violations suffered by the plaintiff employee
26 and [non-individual PAGA] claims are based on Labor Code violations suffered by employees
27 other than the plaintiff." *Id.* This concession by the *Galarsa* court—that individual and non-
28 individual PAGA claims involve different primary rights—is consistent with the standing

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

TWITTER'S REPLY IN SUPPORT OF SUPP.
MTC ARBITRATION RE: PAGA CLAIM
CASE NO. 4:22-CV-07222-JD

requirements set forth in the PAGA statute and is an implicit endorsement of the holding in *Viking River*. *See* Cal. Lab. Code § 2699(a); *see also Viking River*, 142 S. Ct. at 1925. Yet, inexplicably, the *Galarsa* court nonetheless rejected *Viking River*. This Court should not follow the flawed logic of *Galarsa*.

Plaintiff also relies on the federal district court decision in *Shams v. Revature LLC*, --- F. Supp. 3d ---, 2022 WL 3453068 (N.D. Cal. Aug. 17, 2022). However, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Green*, 563 U.S. 692, 709 n. 7 (2011). Indeed, each of the district court decisions that Twitter cited in its Motion that dismissed a non-individual PAGA claim after compelling the individual PAGA claim to arbitration post-dated the *Shams* decision, and implicitly rejected its reasoning. *See Callahan v. Paychex North America Inc.*, No. 21-CV-05670-CRB, 2022 WL 11902205, at *4 (N.D. Cal. Oct. 20, 2022); *Hansber v. Ulta Beauty Cosmetics, LLC*, No. 121CV00022AWICDB, 2022 WL 15836627, at *7 (E.D. Cal. Nov. 9, 2022); *Johnson v. Lowes Home Centers LLC*, No. 221CV00087TLNJDP, 2022 WL 4387796, at *4 (E.D. Cal. Sept. 22, 2022); *Huell v. Bevmo Holdings, LLC, et al.*, No. 22CV01394WBSAC, 2023 WL 1823611, at *1 (E.D. Cal. Feb. 8, 2023); *Radcliff v. San Diego Gas & Electric Company*, No. 20CV1555HMSB, 2022 WL 4229305, at *4 (S.D. Cal. Sept. 12, 2022).

Though a smattering of courts have departed from *Viking River*, this Court is compelled to follow the Supreme Court's holding. *See also United States v. Weiland*, 420 F.3d 1062, 1079 n. 16 (9th Cir. 2005) (Even if "recent Supreme Court jurisprudence has perhaps been called into question the continuing viability of [its precedent], we are bound to follow a controlling Supreme Court precedent until it is explicitly overruled by that Court"); *see also Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls…").

/ / /

/ / /

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

TWITTER'S REPLY IN SUPPORT OF SUPP.
MTC ARBITRATION RE: PAGA CLAIM
CASE NO. 4:22-CV-07222-JD

**D.     At a Minimum, This Court Must Stay Plaintiff's Non-Individual PAGA Claims Pending Arbitration of His Individual PAGA Claim.**

Twitter maintains that *Viking River* requires dismissal of Plaintiff's non-individual PAGA claim. However, even if this Court does not dismiss the non-individual/representative PAGA claim, the Court must stay such claim pending a final resolution in the arbitration of Plaintiff's individual claims. Such result is compelled by Section 3 of the FAA, which "specifically directs federal district courts to stay proceedings and compel arbitration of 'any issue referable to arbitration under an agreement in writing for such arbitration,'" as well as the parties' arbitration agreement. 9 U.S.C.A. § 3. *See also Ziober v. BLB Res., Inc.*, 839 F.3d 814, 817 (9th Cir. 2016); ECF No. 26-1, § 4 ("[i]n the event it is determined that a dispute between the Parties involves both arbitrable claims and non-arbitrable claims…, the Parties agree that any arbitrable claims shall be resolved first and that any non-arbitrable claim(s) shall be stayed pending resolution of the arbitrable claim(s)").[1]

**E.     Plaintiff's Inappropriate References to Unrelated, Separately Pending Arbitration Proceedings Should Be Disregarded.**

Plaintiff improperly argues that this Court should consider alleged conduct in separate, unrelated arbitration proceedings when ruling on Twitter's pending Motion. Plaintiff's argument is entirely specious for multiple reasons. First, Plaintiff Rodriguez was an employee of Magnit. Magnit has moved to enforce its arbitration agreement with Plaintiff. Twitter contracts with Magnit and, in turn, has moved to enforce Magnit's arbitration agreement as an express third-party beneficiary. The terms of Magnit's arbitration agreement are different than Twitter's agreement. For example, Magnit must pay for the costs of arbitration, not Twitter. As another example, the Magnit agreement designates the American Arbitration Association ("AAA") as the arbitration provider. In contrast, the Twitter arbitration agreements either designate JAMS as the

---

[1] Twitter acknowledges that some courts have chosen to stay the non-individual PAGA claim through the time of a ruling from the California Supreme Court in *Adolph v. Uber*. *See, e.g., Dominguez v. Sonesta Int'l Hotels Corp.*, No. 22-CV-03027-JCS, 2023 WL 25707, at *9 (N.D. Cal. Jan. 3, 2023); *Martinez-Gonzalez v. Elkhorn Packing Co., LLC,* --- F.Supp.3d ---, 2022 WL 10586178, at *12 (N.D. Cal. Oct. 18, 2022). However, Ninth Circuit precedent and the FAA require that a stay remain in place through the conclusion of the arbitration proceedings.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

TWITTER'S REPLY IN SUPPORT OF SUPP.
MTC ARBITRATION RE: PAGA CLAIM
CASE NO. 4:22-CV-07222-JD

arbitration provider or are silent regarding a specific provider and instead outline a process for arbitrator selection. Second, Plaintiff cites no statutory or case law support for the argument that alleged conduct in entirely separate proceedings has any relevance whatsoever to the present Motion, which involves different parties, a different arbitration agreement, and different applicable arbitration procedures. Third, Plaintiff counsel's assertions regarding Twitter's alleged conduct in the separate pending arbitration proceedings are simply false. In those other proceedings, Twitter has acted in complete good faith and adhered fully to the terms of the arbitration agreements that govern those proceedings, the JAMS rules (to the extent applicable), and statutory authority.[2] Finally, this Court should impose consequences for Plaintiff counsel's inappropriate attempt to use the briefing on the present Motion as a vehicle to make entirely false accusations regarding separate and unrelated matters that are irrelevant to this case. Plaintiff counsel has a track record of playing fast and loose with the Court's rules and making frivolous and/or premature arguments to the Court. Their latest attempt to inject false claims about entirely unrelated matters into the present briefing has no purpose other than to harass, cause unnecessary delay, or needlessly increase the cost of litigation, and Twitter requests that the Court take all action towards Plaintiff's counsel for their conduct that the Court deems appropriate.

### III.   CONCLUSION

The Court should grant Twitter's motion to compel Plaintiff's individual claims to arbitration and dismiss Plaintiff's non-individual PAGA claims for lack of standing based upon *Viking River* or, in the alternative, stay such claims until resolution of arbitration.

Dated: March 28, 2023                     MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Eric Meckley*
Eric Meckley
Ashlee Cherry

Attorneys for Defendant
TWITTER, INC.

---

[2] Notably, Twitter has paid and continues to pay all invoices within all applicable statutory deadlines. *See* Cal. Code of Civ. Proc. § 1281.97 (requiring drafting party to the arbitration agreement to pay all fees or costs to initiate an arbitration within 30 days after the due date). In particular, Twitter timely paid the January 23, 2023 JAMS invoices for claimants Cornet, De Caires, and Pan that Plaintiff's counsel had submitted with the opposition briefing.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

TWITTER'S REPLY IN SUPPORT OF SUPP.
MTC ARBITRATION RE: PAGA CLAIM
CASE NO. 4:22-CV-07222-JD