SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
THOMAS FOWLER (*pro hac vice* forthcoming)
(tfowler@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:   (617) 994-5800
Facsimile:    (617) 994-5801

*Attorneys for Plaintiff Francisco Rodriguez,
on behalf of himself and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FRANCISCO RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC. and PRO UNLIMITED, INC.<br><br>Defendants | Case No. 3:22-cv-7222-JD<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>BEFORE THE HON. JAMES DONATO |

Plaintiff hereby brings to the Court's attention a decision issued last week by the California Court of Appeal in Seifu v. Lyft, Inc., --- Cal. Rptr. 3d ---, 2023 WL 2705285 (Cal. Ct. App. March 30, 2023). The Court of Appeal concluded that in Viking River Cruises, Inc. v. Moriana, 142 S. Ct. 1906 (2022), the United States Supreme Court misinterpreted California law with respect to standing to advance a representative claim under the Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code §§ 2698 *et seq.* See Seifu, 2023 WL 2705285, at *5-7. Specifically, Seifu clarified that the Supreme Court's holding in Viking River that a plaintiff whose individual PAGA claim was compelled to arbitration lacked standing to pursue the representative aspect of the PAGA claim in court was mistaken. See Seifu, 2023 WL 2705285, at *5-7. Relying on Kim v. Reins International California, Inc., 9 Cal. 5th 73, 80 (2020), Seifu explained that "the requirement that [plaintiff] resolve his individual PAGA claim in a different forum – arbitration – does not strip him of his standing." Seifu, 2023 WL 2705285, at *6. The Court also noted that "[t]his interpretation is consistent with PAGA's remedial purpose, because revoking an employee's standing to pursue non-individual claims would 'severely curtail[] PAGA's availability to police Labor Code violations.'" Id. (internal quotations omitted). The Court of Appeal then remanded the case to the trial court to consider whether the case should be stayed pending arbitration.[1] See id. at *7.

---

[1] In this case, Twitter's request for a stay should be denied, as the rulings that this Court may issue stand to serve as important precedent in the more than 1,000 other arbitrations brought by Twitter's former employees who are represented by the undersigned counsel.

Respectfully submitted,

FRANCISCO RODRIGUEZ, on behalf of himself and all others similarly situated,

By his attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Thomas Fowler (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com; tfowler@llrlaw.com

Dated:          April 3, 2023

### CERTIFICATE OF SERVICE

I, Shannon Liss-Riordan, hereby certify that on April 3, 2023, a copy of this document was served on all counsel of record for Defendants via filing on the Court's CM/ECF system.

Date: April 3, 2023                             /s/ Shannon Liss-Riordan
                                                Shannon Liss-Riordan